OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the defendants for an order compelling the plaintiffs to comply with a notice of discovery and inspection, pursuant to CPLR 3120, on the ground that their answer to the same is inadequate. The plaintiffs oppose the motion *327 and cross-move for a preclusion order on their demand for a bill of particulars.
The action was instituted to recover money damages for personal injuries allegedly arising out of an automobile accident that occurred on November 21, 1978.
On March 6, 1979, defendants served a notice of discovery and inspection, pursuant to CPLR 3101 and 3120, requiring plaintiffs to furnish defendants with copies of any and all no-fault forms, including but not limited to physicians’ statements and hospital statements; copies of any and all reports of attending physicians with regard to Elizabeth A. Owens and the prognosis allegedly arising from the accident in question; copies of any and all attending physicians’ notes with regard to Elizabeth A. Owens.
The plaintiffs contend that the demand in the notice is overly broad and that the no-fault forms are privileged matter between a party and his insurance company and that "physicians’ notes” go beyond the discovery procedures encompassed by the CPLR.
The plaintiffs have subsequently supplied the defendants with the reports of the attending physician, Dr. Worth, so that demand No. 4 of the notice has been complied with. This court cannot agree with the contention of the plaintiffs that the no-fault forms are privileged matter as correspondence between the defendant and his carrier. This court knows of no such privilege. The demand for the physicians’ notes, however, does go further than the present generally accepted interpretation of CPLR article 31. Even though this court favors liberalizing discovery procedures under the CPLR (see Baker v Younts, 96 Misc 2d 132) to require plaintiffs to produce physicians’ notes, which they do not have in their possession, goes beyond the present allowable discovery boundaries.
The plaintiffs’ cross motion for a preclusion order on their demand for a bill of particulars on the affirmative defense of contributory negligence and on the counterclaim is granted, unless defendants supply said particulars within 30 days of service of the order with notice of entry.
Therefore, the defendants’ motion is granted as to demand No. 3; and as to demand No. 5, it is denied. Demand No. 4 has been complied with. The cross motion is granted conditionally as stated above.