OPINION OF THE COURT
Norman J. Wolf, Jr., J.
Defendant has moved this court for an order pursuant to rule 1024.25 of the Rules of the Appellate Division, Fourth Department (22 NYCRR 1024.25) requiring plaintiffs to furnish executed and acknowledged authorizations permitting all parties to obtain and copy all hospital records, employment records, no-fault insurance records and other records referred to and identified in any physician’s report.
Defendant served plaintiffs with a demand dated March 16,1983 for: “all existing or future reports of all physicians who have treated or examined the plaintiff in connection with the injuries for which recovery is sought and duly executed and acknowledged authorizations permitting the defendant to obtain and copy all hospital records, x-ray reports and all other records referred to in any physician’s report.”
*875 Plaintiffs’ counsel provided defense counsel with copies of the reports of Horace M. Rosteing, M. D., who, he deposes, was the sole treating physician and that those reports constituted all the medical reports in his possession.
By letter of September 27, 1983, defense counsel demanded an authorization for plaintiffs’ no-fault records. On October 4, 1983, plaintiffs’ counsel wrote the no-fault carrier, requesting it provide him with copies of any and all medical records and reports in their possession regarding the three plaintiffs. That same day he advised defense counsel of his request and stated he would “forward further copies of same to you promptly upon their receipt.” Defendants then commenced this motion for authorizations to obtain and copy the no-fault file. By letter of October 28, 1983, it appears that since this motion was argued, plaintiffs’ counsel has provided defendants with a copy of the medical records in the no-fault file.
No one disputes that defendants are entitled to view medical reports in the no-fault file, rather the dispute lies in the manner of viewing, i.e., whether they may be provided by counsel or whether they must come directly from the no-fault carrier.
22 NYCRR 1024.25 (b) (1) requires that a party to be examined serve copies of all physicians’ reports. 22 NYCRR 1024.25 (b) (2) requires signed authorizations to obtain and copy all hospital and other records referred to in the physician’s report. Defendant has identified no hospital or other records which would fall within the ambit of paragraph (2), rather plaintiff states that the examinations before trial indicate that no one received any hospital treatment and that none of the plaintiffs were employed.
Neither 22 NYCRR 1024.25, CPLR 3120, nor any of the cases set forth by defense require that the physicians’ reports contained in the no-fault file be provided by plaintiffs’ no-fault carrier by means of the authorization. Rather, the plaintiffs are required to provide the requisite reports. Hoenig v Westphal (52 NY2d 605) and Milone v General Motors Corp. (84 AD2d 921) are not to the contrary. Authorizations are required only for hospital and other records referred to in the physician’s report. This *876 court holds that election of the manner of providing the reports lies with the plaintiffs except where specifically stated otherwise or where plaintiff refuses to so comply.
Defense counsel has voiced her concern that she needs to obtain the plaintiffs’ no-fault medical records directly from the carrier in order to verify their accuracy and completeness. While she makes no allegation against plaintiffs’ counsel, she states that in the past attorneys have deleted damaging medical reports and that having counsel supply the reports is a situation “ripe for abuse”. A lawyer is an officer of the court and, as such, has a high duty to maintain the dignity of the legal system. An attorney is obligated to zealously represent his or her client, but he or she is not permitted to “misconduct himself in the pursuit of his client’s interest.” (Matter of Cohen, 370 F Supp 1166, 1174.) Canon 1 of the Lawyer’s Code of Professional Responsibility prohibits an attorney from engaging in dishonesty, fraud, deceit or misrepresentation (DR 1-102 [A] [4]). An attorney shall not “[cjonceal or knowingly fail to disclose that which he is required by law to reveal.” (DR 7-102 [A] [3].) This court declines to speculate that without the authorization requested by defendants, there will be a violation of the Canons of Ethics. Should such an ethical violation occur, however, a lawyer is duty bound to report any such unprivileged knowledge to the authority empowered to investigate or act upon that violation (DR 1-103 [A]).
Accordingly, defendant’s motion is denied, without costs, and both counsel are reminded of their obligation to report ethical abuses.