OPINION OF THE COURT
Stanley Harwood, J.
Motion by plaintiff for a protective order pursuant to CPLR 3103 is denied. The concomitant cross motion for an order compelling plaintiff to comply with defendant’s notice for discovery and inspection is granted.
Defendant has served what he has labeled a “Notice for Discovery & Inspection”. Four of the five items to be produced for such discovery however are “duly executed and acknowledged written authorizations” for release of (a) employment records, (b) physician’s “notes and records”, (c) hospital records, and (d) plaintiff’s “no-fault” records “with respect to the subject automobile accident”. Only the last is at issue on this motion.
Plaintiff urges that the records contained in the file maintained by his “no-fault” insurance carrier, also his automobile liability carrier, are “accident reports” which are conditionally exempt from discovery pursuant to CPLR 3101 (d), notwithstanding the enactment (L 1980, ch 283, § 1) of CPLR 3101 (g). (See, Vernet v Gilbert, 90 AD2d 846; Vogl v Kilmer Realty Corp., 118 Misc 2d 611.) Plaintiff also urges that because the information contained in the “no-fault” file can be obtained by conducting a physical examination of plaintiff and obtaining the records of his treating physician, the “no-fault” file should be deemed unconditionally exempt. In a memorandum of law plaintiff argues somewhat inconsistently that the demand for authorizations is overly broad because there is “no consistent knowledge” *197 as to what information, including that potentially relating to “liability”, is contained in the file.
There can be no doubt of the relevance of whatever is contained in the “no-fault” file compiled because of the automobile accident which is also the subject of this litigation. (See, Allen v Crowell-Collier Pub. Co., 21 NY2d 403; see also, Milone v General Motors Corp., 84 AD2d 921, 84 AD2d 963.) And inasmuch as the “No-Fault” Insurance Law (see, Insurance Law § 5101 et seq., formerly Insurance Law § 670 et seq.) was enacted in part to reduce or avoid litigation (cf. Insurance Law § 5104, formerly Insurance Law § 673; Montgomery v Daniels, 38 NY2d 41) it can hardly be said that reports and documents prepared in the ordinary course of handling a “no-fault” claim (see, CPLR 3101 [g]) were prepared solely for this litigation (see, Braun v Great Atl. & Pac. Tea Co., 67 AD2d 898) so as to render them even conditionally exempt within the meaning of CPLR 3101 (d) (2).
As to his claim of “overbreadth”, plaintiff misperceives what is required of him by the notice, in essence a demand for authorizations. He is required neither to speculate as to what he must do to comply with the order (see, Agricultural & Indus. Corp. v Chemical Bank, 94 AD2d 671) nor compile voluminous documents which may or may not be relevant. He is merely required to consent to the release by a nonparty of documents which, as to plaintiff, are neither privileged (see, Koump v Smith, 25 NY2d 287; see also, Owens v Baltzel, 101 Misc 2d 326) nor otherwise exempt (see, CPLR 3101 [d]) from disclosure.
Because defendant has not given notice to plaintiff’s insurer (see, CPLR 3101 [a] [4]; 3120 [b]), plaintiff’s insurer is under no court-ordered obligation to provide those documents. It merely has no basis for withholding documents on the ground that plaintiff has not authorized their release. Inasmuch as plaintiff does not object to the procedures utilized by defendant (see, CPLR 3102 [which makes no mention of demand for authorizations]; cf. CPLR 3121; see also, Bennett v Martoche, 123 Misc 2d 874), there is no basis for granting a protective order. And inasmuch as plaintiff’s only substantive objection to the notice is unavailing, defendant’s cross motion must be granted.
Plaintiff shall comply with the “Notice for Discovery and Inspection” within 30 days of service of a copy of this order on his attorney. Nothing herein shall be construed as precluding plaintiff from earlier review of the “no-fault” file or from earlier moving for renewal of his motion for a protective order on a showing that the file contains some particular information defendant ought not to have.