■ EDWARD P. DIBBLE, Appellant, v CONSOLIDATED RAIL CORPORATION, Respondent and Third-Party Plaintiff. GENERAL MOTORS CORPORATION, Third-Party Defendant-Respondent. (Appeal No. 2.)—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The order is modified by deleting the provision granting third-party defendant's motion to compel plaintiff to provide authorization for all of plaintiff's workers' compensation records and medical records. The CPLR does not contain any provision that would allow third-party defendant to obtain authorization from plaintiff to allow it access to plaintiff's workers' compensation records (see, CPLR 3102 [a]; see also, Hinrichs v Tonnssen, 128 Misc 2d 196; Bennett v Martoche, 123 Misc 2d 874, 876). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Discovery.) Present—Callahan, J. P., Boomer, Balio, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS D. GREEN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the trial court erred in permitting the 11-year-old complainant to be sworn as a witness. Because the preliminary examination of complainant showed that she knew and appreciated the difference between truth and falsehood, knew that it was wrong to tell a lie, and would tell the truth at trial, we find no abuse of discretion in the trial court's determination that she was qualified to be sworn as a witness (see, CPL 60.20; People v Nisoff, 36 NY2d 560, 566; People v Fernandez, 138 AD2d 733, 734). Defendant further contends that the trial court erred in denying his motion to suppress his statement to the police. We disagree. The record establishes that, although defendant was of limited intelligence, the interrogating officer carefully explained the meaning of the Miranda warnings, and that defendant understood them and knowingly, voluntarily and intelligently waived them (see, People v Williams, 62 NY2d 285, 287).

We have reviewed defendant's remaining contention and find it to be without merit. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Sodomy, 1st Degree.) Present—Denman, P. J., Green, Pine, Lawton and Doerr, JJ.