■ PEGGY BOLTJA et al., Appellants, v SOUTHSIDE HOSPITAL et al., Respondents.—In a purported class action, inter alia, for a judgment declaring that attorneys acting on behalf of patients requesting copies of their own medical records from health care providers are "qualified persons" within the meaning of Public Health Law §§ 17 and 18 (1) (former [g]) and thus are

entitled to receive these copies at a cost of no more than $.75 per page, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Murphy, J.), dated March 10, 1992, which, *inter alia,* granted the defendants' cross motion for summary judgment dismissing the complaint, declared that Public Health Law §§ 17 and 18 (1) (former [g]) are inapplicable to medical record requests made by attorneys, and denied the plaintiffs' motion for summary judgment on their claims for class action certification and declaratory relief.

Ordered that the order is affirmed, with costs.

Public Health Law § 18 (1) (former [g]) limits the amount that health care providers can charge "qualified persons" for photocopies of their medical records to a reasonable charge not to exceed $.75 per page. At the time this action was commenced, attorneys representing former patients were not among those enumerated "qualified persons". However, Laws of 1992 (ch 277), amended Public Health Law § 18 (1) (g) effective July 30, 1992, to expand the definition of qualified person to include "an attorney representing or acting on behalf of the subject or the subject's estate". Thus, now it is clear that the attorney for a plaintiff patient is a qualified person entitled to photocopies of his client's medical records at a reasonable cost not to exceed $.75 per page. We agree with the Supreme Court, however, that prior to the amendment of Public Health Law § 18, attorneys, by the plain meaning of the statute, were not entitled to receive copies of a former patient's medical records at a cost not to exceed $.75 per page.

As the defendants correctly argue, that the Legislature amended Public Health Law § 18 in 1992 to expressly *include* attorneys as qualified persons, indicates that prior thereto attorneys had not been covered by the statute *(see, Matter of Stein,* 131 AD2d 68). Indeed, the bill jacket prepared in connection with Laws of 1991 (ch 165), which imposed the $.75 per page reproduction rate relevant to record requests by qualified persons generally, is silent on the matter of inclusion of attorneys as qualified persons entitled to receive medical records at the statutory rate. Even assuming that the 1992 amendment which included attorneys among the statutorily-defined "qualified persons" was a subsequent "clarifying" amendment, such an enactment cannot retroactively declare a different legislative intent contrary to the plain meaning of the earlier law *(see, Matter of Roosevelt Raceway v Monaghan,* 9 NY2d 293). The general rule of statutory construction when dealing with amendments is that "the fact that an amendatory act is deemed a part of the original will not make the

amendment retroactive to the time when the original was passed" (McKinney's Cons Laws of NY, Book 1, Statutes § 192). In the absence of any evidence to the contrary, we must give effect to the plain meaning of the statute prior to the 1992 amendment which, in accordance with the pertinent legislative history, leads to the conclusion that prior to the 1992 amendment attorneys were not entitled to the discounted statutory rate available to qualified persons.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.