■ Victoria Davenport, Individually and as Administrator of the Estate of Daniel Davenport, Deceased, Plaintiff, v County of Nassau et al., Appellants, Robert Daly et al.,

Respondents, et al., Defendants. [666 NYS2d 28] —In an action to recover damages for medical malpractice, etc., the defendants County of Nassau and Nassau County Medical Center appeal from an order of the Supreme Court, Nassau County (Roberto, J.), entered September 9, 1996, which denied their motion pursuant to CPLR 2304 to quash a subpoena duces tecum, and directed them to provide the respondents with a complete copy of the injured plaintiff's hospital record at a charge of $.75 per page.

Ordered that the order is reversed, on the law, with costs, and the motion to quash the subpoena duces tecum is granted.

The respondents are not "qualified person[s]" as defined in Public Health Law § 18 (1) (g). Therefore, the appellants are not subject to the limit of $.75 per page imposed by statute (*see,* Public Health Law § 18 [2] [e]) on the amount which may be charged to qualified persons in connection with the photocopying of records (*see, Boltja v Southside Hosp.,* 186 AD2d 774, *affg* 153 Misc 2d 568, declining to follow *Matter of Casillo v St. John's Episcopal Hosp.,* 151 Misc 2d 420; *see also, Matter of Hernandez v Lutheran Med. Ctr.,* 104 AD2d 368 [$1 per page reasonable]; *Matter of Scott v State of New York,* 186 AD2d 571 [$2 per page reasonable]; *Hayes v County of Nassau,* 127 AD2d 742). Because the appellants are willing to produce the records requested upon payment of the fees which they have established, the subpoena duces tecum is unnecessary. Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.