■ JEFFREY McCROSSAN, Plaintiff, v BUFFALO HEART GROUP, Appellant, et al., Defendant. MERCY HOSPITAL, Nonparty Respondent. [695 NYS2d 852] —Order unanimously reversed on the law without costs and motion granted. Memorandum: Plaintiff commenced this medical malpractice action against, inter alia, defendant Buffalo Heart Group (BHG).

Plaintiff gave BHG's attorney an authorization to obtain his medical records from nonparty respondent Mercy Hospital (Hospital). The Hospital, through Health Information Management Services, informed BHG's counsel that it would provide the records after counsel remitted to it the sum of $274.32 (itemized to be 75 cents per page for copying, a clerical fee of $15, a shipping fee of $5 and sales tax of $20.32). BHG remitted only $234, the actual cost of copying, arguing that the Hospital could charge no more than 75 cents per page pursuant to Public Health Law § 18 (2) (e). By order to show cause, BHG moved for an order requiring the Hospital to provide it with a copy of the medical records of plaintiff at a rate not to exceed 75 cents per page. Supreme Court denied the motion on the ground that neither BHG nor its attorney is a "qualified person" within the meaning of Public Health Law § 18 (1) (g).

We agree with BHG that the Hospital is permitted to charge no more than 75 cents per page, as set forth in Public Health Law § 18 (2) (e). Plaintiff, who is a qualified person as defined by Public Health Law § 18 (1) (g), has provided an authorization requiring his records to be turned over to BHG or its agent. In our view, Public Health Law § 18 (2) (e), which provides that a health care provider may charge no more than 75 cents per page for paper copies of records, applies when a qualified person authorizes the records to be released to a third party (*see, Matter of Casillo v St. John's Episcopal Hosp.,* 151 Misc 2d 420, 429). The fact that neither BHG nor its attorney is a "qualified person" is of no moment. We decline to follow *Davenport v County of Nassau* (245 AD2d 331), in which the Second Department held to the contrary. We note that our holding that the Hospital may charge no more than 75 cents per page for copying does not affect the obligation of the Hospital to collect and remit sales tax or prohibit the Hospital from obtaining reimbursement for the actual cost of shipping the records. (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Discovery.) Present—Denman, P. J., Green, Hayes, Pigott, Jr., and Scudder, JJ.