■ CYRA SCOTT et al., Respondents, v YVES S. ALBORD, Appellant. [734 NYS2d 623] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Pincus, J.), dated March 21, 2001, as granted his motion to compel disclosure of the injured plaintiff's no-fault records only to the extent of compelling disclosure of the records concerning "the history of the occurrence of the accident," and conditionally granted the plaintiffs' cross motion to strike his answer unless he appeared for an examination before trial on a certain date.

Ordered that the order is modified by deleting the provision thereof granting the motion only to the extent of compelling disclosure of the injured plaintiff's no-fault records concerning "the history of the occurrence of the accident" and substituting therefor a provision granting the motion in its entirety; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Since the injured plaintiff's no-fault records are material and necessary to the defense of this action, the defendant is entitled to full disclosure of those records (*see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 408; *Hinrichs v Tonnssen,* 128 Misc 2d 196). Therefore, the defendant's motion to compel disclosure of those records should have been granted in its entirety.

The Supreme Court providently exercised its discretion in conditionally granting the plaintiffs' cross motion to strike the defendant's answer unless he appeared for an examination before trial on a certain date (*see, Torres v Martinez,* 250 AD2d 759). O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.