DANIEL B. PRIMEAU, Respondent, v TOWN OF AMHERST et al., Appellants. (Appeal No. 1.) [757 NYS2d 201] —Appeal and

cross appeal from an order of Supreme Court, Erie County (Sedita, Jr., J.), entered December 17, 2001, which, inter alia, denied that part of plaintiff's motion seeking to strike the answer of defendant Dennis P. Leising.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when the vehicle he was driving was struck by a snowplow driven by defendant Dennis P. Leising, an employee of defendant Town of Amherst (Town). The first cause of action alleges that defendants were negligent, careless, and reckless in failing to operate the snowplow in a safe and reasonable manner, the second cause of action alleges respondeat superior and vicarious liability against the Town for Leising's negligence and recklessness in operating the snowplow, and the third cause of action alleges that the Town negligently and recklessly hired and retained Leising.

Supreme Court properly denied that part of plaintiff's motion seeking to compel defendants to provide plaintiff with Leising's employment or personnel file and granted that part of defendants' cross motion seeking dismissal of the third cause of action. "[A]n underlying requirement in actions for negligent [hiring or retention] is that the employee is individually liable for a tort or guilty of a claimed wrong against a third person, who then seeks recovery against the employer" (*Campbell v Colley*, 113 Ohio App 3d 14, 22, 680 NE2d 201, 206 [1996] [internal quotation marks omitted], *discretionary appeal not allowed* 77 Ohio St 3d 1494, 673 NE2d 150 [1996]; *see also District of Columbia v Walker*, 689 A2d 40, 50-51 [1997]; *District of Columbia v Banks*, 646 A2d 972, 976-977 [1994]). Here, Leising was operating a hazard vehicle (*see* Vehicle and Traffic Law § 117-a) and therefore is exempt from the rules of the road under Vehicle and Traffic Law § 1103 (b) except insofar as he may have acted with "reckless disregard for the safety of others" (*id.*; *see Riley v County of Broome*, 95 NY2d 455, 465-466 [2000]). Because a finding of negligence cannot serve as a basis for liability against Leising, such a finding cannot serve as a basis for imposing liability on the Town for negligent hiring and retention. With respect to the further allegation of reckless hiring and retention, the Town has admitted that Leising was acting within the scope of his employment and, thus, if Leising was reckless, the Town is liable to plaintiff under the second cause of action regardless of the reasonableness of the hiring or retention. The third cause of action therefore was properly dismissed (*see Matter of Trader v State*

*of New York*, 277 AD2d 978 [2000]; *Karoon v New York City Tr. Auth.*, 241 AD2d 323, 324 [1997]).

The court also properly denied those parts of plaintiff's motion seeking to strike Leising's answer for lack of verification by Leising and alternatively to compel Leising to provide proper verification to defendants' answer and bill of particulars. Where, as here, a complaint is verified, all subsequent pleadings also must be verified (*see* CPLR 3020 [a]). Where there are two or more parties in interest and they "are pleading together," however, only one of the parties who is acquainted with the facts must verify the pleading (3020 [d]). Here, the Town Attorney, who is an officer of the Town, properly verified the pleading on behalf of the Town (*see* 3020 [d] [1]). That verification also suffices for Leising because Leising is an employee of the Town and plaintiff alleges that the Town is vicariously liable for Leising's actions, thus uniting the two defendants in interest (*see Connell v Hayden*, 83 AD2d 30, 46 [1981]; *see also Valmon v 4 M & M Corp.*, 291 AD2d 343, 344 [2002], *lv denied* 98 NY2d 611 [2002]). Contrary to plaintiff's further contention, the court properly granted that part of defendants' cross motion seeking dismissal of the action against the Town of Amherst Highway Department, which was named as a separate defendant. An affirmative defense in the verified answer and the affirmation of the Town Attorney, an officer of the Town with personal knowledge of the Town's legal and corporate structure, established that the Highway Department has no separate legal existence from the Town.

Contrary to the contention of defendants on their cross appeal, they are not entitled to plaintiff's entire no-fault claim file (*see Bennett v Martoche*, 123 Misc 2d 874, 875-876 [1984]; *see also Dibble v Consolidated Rail Corp.*, 181 AD2d 1041 [1992]), and thus the court did not abuse its discretion in ordering plaintiff to provide to defendants only the medical and wage records contained therein (*see generally Faragiano v Town of Concord*, 294 AD2d 893 [2002]; *Nussbaumer v General Elec. Co.*, 292 AD2d 873 [2002]). Contrary to the further contention of defendants, they are not entitled to unlimited medical authorizations. Although plaintiff has put both his physical and mental condition in controversy, thereby waiving the physician-patient privilege, the scope of the waiver is limited and "does not permit discovery of information involving unrelated illnesses and treatment" (*Wachtman v Trocaire Coll.*, 143 AD2d 527, 527 [1988]). Thus, the court did not abuse its discretion in denying that part of defendants' cross motion seeking to compel plaintiff to provide such medical authorizations with

leave to renew upon an appropriate showing that the records sought are related to plaintiff's claimed injuries. Finally, because defendants did not establish by clear and convincing evidence that plaintiff resides in Florida and not New York (*see Matter of Hosley v Curry*, 85 NY2d 447, 451-452 [1995], *rearg denied* 85 NY2d 1033 [1995]; *Matter of Rosenthal v Kelly*, 275 AD2d 429 [2000]), the court properly denied that part of their cross motion seeking an order directing that plaintiff post security for costs pursuant to CPLR 8501. Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.