■ GINGER R. BEUTEL, Respondent, v TYLER J. GUILD et al., Appellants. [773 NYS2d 708]—Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.) entered May 7, 2003. The order denied defendants' motion to compel plaintiff to produce a copy of her no-fault file or provide an authorization for defendants to obtain the contents of the no-fault file.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting defendants' motion in part and directing plaintiff to produce a copy of her no-fault file subject to any protective order issued and as modified the order is affirmed without costs.

Memorandum: Supreme Court properly denied that part of defendants' motion seeking to compel plaintiff to provide an authorization for defendants to obtain the contents of her no-fault file (*see generally Dibble v Consolidated Rail Corp.*, 181 AD2d 1041 [1992]). The court abused its discretion, however, in denying that part of defendants' motion seeking to compel plaintiff to produce a copy of her no-fault file, and thus we modify the order accordingly. Defendants established that the records therein are material and necessary to the defense (*see Scott v Albord*, 289 AD2d 389 [2001]; *see also Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406-407 [1968]; *see generally* CPLR 3102 [a]). Therefore, subject to any protective order issued with respect to the contents of the file (*see* CPLR 3103 [a]), defendants are entitled to the contents of the no-fault file. Contrary to plaintiff's contention, our decision in *Primeau v Town of Amherst* (303 AD2d 1035, 1037 [2003]) does not compel a different result. In *Primeau*, we concluded that Supreme Court did not abuse its discretion in ordering the plaintiff to provide to the defendants the medical and wage records contained in the plaintiff's no-fault claim file. Although our decision in that case

does not so state, we note that Supreme Court also directed an in camera review with respect to the contents of the file alleged by the plaintiff to be privileged or exempt from disclosure. Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Lawton, JJ.