OPINION OF THE COURT
Gary F. Knobel, J.
The motion by the defendant for an order inter alia compelling the plaintiff to provide discovery responses is granted to *271 the extent that (1) the plaintiff shall provide responses to all outstanding discovery demands by January 31, 2007, and (2) the parties shall appear for depositions in room 5 of the Supreme Court courthouse, 100 Supreme Court Drive, Mineóla, New York, on or before February 28, 2007, at 9:30 a.m.; the plaintiffs shall be deposed first, to be immediately followed by an individual produced by the defendant with personal knowledge of the facts.
This is an action to recover $3,905.03 in no-fault benefits provided by the plaintiff to its assignor in the form of, inter alia, nerve conduction studies. The defendant concluded that these tests were medically not necessary and consequently refused to reimburse the plaintiff for the testing and services it provided to its assignor.
The defendant does not dispute that the plaintiff is entitled to disclosure of the assignor’s no-fault file which the defendant has in its possession since these records are material and necessary to the prosecution of plaintiffs claim (see, Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 408 [1968]; Beutel v Guild, 5 AD3d 1087 [2004]; Scott v Albord, 289 AD2d 389 [2001]; Hinrichs v Tonnssen, 128 Misc 2d 196 [1985]). The defendant contends, however, that based upon this court’s holding in Westbury Med. Care, P.C. v Lumbermans Mut. Ins. Co. (5 Misc 3d 838 [2004, Asarch, J.]), it cannot produce the no-fault file without a valid authorization from the assignor complying with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).
Notwithstanding this minor issue, the parties could not resolve their dispute over a narrow question which is discussed daily between practitioners in this field but apparently has not been officially reported upon in New York: does the plaintiff have to pay the defendant for the cost incurred by the defendant in copying its no-fault file? The defendant has demanded a $95 fee for copying the file even though it has not disclosed how many pages the file contains. The plaintiffs attorney maintains that the plaintiff is entitled to have the file reproduced at no charge, arguing that “the only firm that requests a payment for the no-fault file is defendant’s counsel.” However, plaintiffs counsel did not cite in his brief any analogous precedent which would directly support its argument. Plaintiffs attorney also argues that if this court imposes a fee upon the plaintiff to obtain its assignors’ no-fault file “it will set a precedent on both the plaintiffs and defendant’s bar to charge each other for the *272 cost of reproduction of documents” (see, Fletcher v Atex Inc., 156 FRD 45, 50 n 4 [1994]).
The court has broad discretion to set the terms and conditions of discovery (Castagnazzi v Schlecker, 159 AD2d 533 [1990]). CPLR 3103 (a) permits a court to “make a protective order . . . regulating the use of any discovery device. Such order shall be designed to prevent unreasonable annoyance, expense ... or other prejudice to any person.” A CPLR 3103 protective order is equally available in the District Court (as well as all lower courts) pursuant to section 1101 (c) of the Uniform District Court Act (and the applicable lower court act) (see, Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3103:6, at 560).
Appellate courts have required a party to pay a reasonable cost for the reproduction of medical records, regardless of whether a party or nonparty is in possession of those records (Colon v City of New York, 285 AD2d 523, 524 [2001] [defendants to reproduce plaintiffs medical records at a cost to the plaintiff at 250 per page]; McCrossan v Buffalo Heart Group, 265 AD2d 875, 876 [1999] [nonparty health care provider cannot charge more than 750 per page for paper copies of records pursuant to Public Health Law § 18 (2) (e)]; Badach v Caggiano, 255 AD2d 919 [1998] [plaintiffs to pay for half the cost of obtaining duplicate copies of records and reports of treating and examining physicians which were acquired by the defendant through the authorizations provided by the plaintiffs]; Castagnazzi v Schlecker, 159 AD2d 533 [1990] [plaintiff to pay a reproduction fee of 250 per page plus $50 to the defendant for a duplicate copy of hospital records he obtained pursuant to the authorizations of the plaintiff]; Matter of McDonald v State Univ. of N.Y., Downstate Med. Ctr. [Univ. Hosp.], 129 AD2d 798 [1987] [petitioner must either pay the fee sought by the appellant for the reproduction of the medical records, or photocopy the record herself; if the latter option is chosen, she must pay a reasonable sum for the time spent by a hospital employee in supervising the copying]). Indeed, the rule in the Second Department — that “the party seeking discovery of documents . . . should pay the cost of their [reproduction]” — is based upon the principle that “each party should shoulder the initial burden of financing his own suit” (Rubin v Alamo Rent-A-Car, 190 AD2d 661, 663 [1993]; see also, Schroeder v Centro Pariso Tropical, 233 AD2d 314 [1996]; Lipco Elec. Corp. v ASG Consulting Corp., 4 Misc 3d 1019[A], 2004 NY Slip Op 50967[U] [2004]; Siegel, *273 NY Prac § 353, at 578 [4th ed 2005]). However, the Legislature contemplated that the party who ultimately prevails on the merits is permitted at that later time to tax as disbursements the expenses incurred in connection with disclosure and recover them from the losing side (see, e.g., CPLR 8301 [a] [1], [9]; Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3103:5, at 559). The court can also exercise its protective powers under CPLR 3103 (a) in cases where there is a disparity in the parties’ economic resources, or where the expense of the disclosure greatly exceeds the small monetary recovery sought by the party (see, Connors, Practice Commentaries, supra at 559, 561).
After applying these principles to the facts and contentions at bar, the court concludes that the plaintiff has failed to demonstrate any basis upon which there should be a deviation here from the precedent and general rule in this department. Accordingly, the court directs the defendant to immediately inform the plaintiffs attorney of the actual number of pages contained in the assignor’s no-fault file, and also directs the plaintiff to (1) provide the defendant’s attorney, by January 31, 2007, with a HIPAA authorization executed by plaintiffs assignor (see, Westbury Med. Care, P.C. v Lumbermans Mut. Ins. Co., supra), and (2) exercise in writing to defendant’s attorney by January 31, 2007 four options: (a) to inspect the no-fault file at defendant’s counsel’s office and designate the pages to be reproduced at 250 per page, or (b) to inspect the no-fault file at the Supreme Court courthouse on the day designated for the depositions of the parties and photocopy in the courthouse the file or the designated portions thereof, or (c) to have the defendant photocopy the no-fault file at a cost to the plaintiff of 250 per page, and furnish the reproduced file to plaintiffs attorney by February 7, 2007, or (d) to pay the defendant the sum of $95 to photocopy and reproduce the no-fault file.