*594 OPINION OF THE COURT
Steven M. Jaeger, J.
Petitioners move to compel respondent to charge no more than 750 per page for copies of medical records pursuant to Public Health Law § 18 (2) (e). Respondent argues that petitioners do not fit into the definition of a “qualified person” under Public Health Law § 18 (1) (g), and therefore the 750 per page limit does not apply.
The petition is denied.
Petitioners are defendants in a personal injury action in Supreme Court, Nassau County, under index No. 14334/2010 entitled Frank Villegas v Barbara Halio and Solomon Halio. In that action, the plaintiff (hereinafter Villegas) alleges injuries while handling a chain saw at petitioners’ residence. In defending the underlying action petitioners submitted an authorization signed by Villegas requesting Villegas’s medical records. In response to the request, respondent, acting on behalf of the medical provider, Nassau University Medical Center, requested a fee of $1.50 per page for 792 pages on top of a basic fee of $25 and shipping costs of $10.65 for a total fee of $1,223.65.
Public Health Law § 18 (2) (e) provides that a “qualified person” shall have access to medical records and that the medical provider “may impose a reasonable charge for . . . copies, not exceeding the costs incurred by such provider,” but, “the reasonable charge for paper copies shall not exceed seventy-five cents per page.” Public Health Law § 18 (1) (g) defines a “qualified person” as, inter alia, “any properly identified subject; . . . or an attorney representing a qualified person.” Public Health Law § 18 (1) (h) defines “subject” as “an individual concerning whom patient information is maintained or possessed by a health care provider.”
It is clear from the plain language of the statute that Villegas is a “qualified person” as he is the “individual concerning whom patient information is maintained or possessed by a health care provider.” As such, copies of medical records requested by Ville-gas cannot cost more than 750 per page. Similarly, it is clear that an attorney representing Villegas cannot be charged more than 750 per copy. The question is whether an attorney acting on behalf of a third party who is authorized by the “subject” to receive copies of the subject’s medical records is entitled to the 750 per page maximum copy charge because the authorization came from a “qualified person.”
*595 In support of their contention that authorization by a “qualified person” subjects the medical provider to the 750 per page maximum copy charge, petitioners cite McCrossan v Buffalo Heart Group (265 AD2d 875 [4th Dept 1999]). There, as here, the attorneys representing defendants in a negligence action were authorized by the plaintiff to obtain the plaintiffs medical records and the medical provider charged more than 750 per page for the copies. The Fourth Department, citing Matter of Casillo v St. John’s Episcopal Hosp., Smithtown (151 Misc 2d 420 [Sup Ct, Suffolk County 1992]), held that despite the fact that neither the defendant medical provider nor its attorney is a “qualified person” the medical provider is subject to the 750 per page maximum copy charge because the plaintiff, a “qualified person,” authorized the release of the records to a third party.
In opposition, respondent cites Davenport v County of Nassau (245 AD2d 331 [2d Dept 1997]), in which the Court, in a similar situation, held that attorneys representing defendants in a negligence action were not entitled to the 750 per page maximum charge because they did not meet the definition of “qualified person[s].” Petitioners argue that Davenport v County of Nassau should not be followed as the facts are different because there the medical records were subpoenaed. As such, according to petitioners, McCrossan v Buffalo Heart Group is the only case on point. The court disagrees.
A review of the decision and the briefs in Davenport v County of Nassau (brief for defendants-respondents in Davenport v County of Nassau, 245 AD2d 331 [1997], available at 1997 WL 34663982; brief for defendants-appellants in Davenport v County of Nassau, 245 AD2d 331 [1997], available at 1997 WL 34663981) establishes that the subpoena was not material to the decision. The request for medical records was originally made by the attorneys for the defendants by sending the medical provider an authorization signed by the plaintiff. It was only after the medical provider refused to supply the records because the attorneys for the defendants would not pay more than 750 per page that a subpoena was served. Therefore, Davenport v County of Nassau is on point since it found the subpoena to be unnecessary. The result is a conflict between the Second and Fourth Departments.
There is some persuasive value in the Fourth Department’s reasoning that because a “qualified person” authorized the release of the medical records the third party receiving the rec *596 ords should be entitled to the 750 per page copy maximum. Further, it may seem inequitable to charge more to a defendant in this situation. However, the Second Department’s reasoning more closely follows the constructive history of Public Health Law § 18. Further, and in any event, this court is bound by the Second Department’s holding.
The original construction of Public Health Law § 18 did not include attorneys as a “qualified person.” The case cited by the Fourth Department and also relied upon by petitioners, Matter of Casillo v St. John’s Episcopal Hosp., Smithtown (supra), was decided prior to the June 30, 1992 amendment that includes the language referenced hereinabove regarding attorneys. The court in Casillo v St. John’s Episcopal Hosp., Smithtown held that an attorney authorized by a patient to obtain the patient’s medical records is a “qualified person.” However, the decision limits the definition to attorneys acting on behalf of the patient.
Subsequent to the Casillo v St. John’s Episcopal Hosp., Smithtown decision the legislature amended Public Health Law § 18 (1) (g) to include “an attorney representing a qualified person” as a “qualified person.” (Emphasis added.) By omitting any language referencing attorneys acting on behalf of a third party in a lawsuit it appears that the legislature did not intend to include such attorneys in the definition. As such, attorneys acting on behalf of defendants are not entitled to the 750 per page maximum charge despite the fact that a “qualified person” authorized receipt of the records.
Accordingly, petitioners’ petition is denied.