Cajamarca v Osatuk (2018 NY Slip Op 05133)





Cajamarca v Osatuk


2018 NY Slip Op 05133


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-01511
 (Index No. 505446/16)

[*1]Manuel Cajamarca, respondent, 
v
Eugene Osatuk, et al., appellants.


Shearer PC, Locust Valley, NY (Jonathan M. Citrin of counsel), for appellants.
Kagan & Gertel, Brooklyn, NY (Irving Gertel of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 3, 2017. The order granted the plaintiff's motion for a protective order preventing disclosure of the plaintiff's no-fault records.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for a protective order preventing disclosure of the plaintiff's no-fault records is denied.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained in a motor vehicle accident. A preliminary conference order directed, over the plaintiff's objection, that the plaintiff provide the defendant with "no-fault/collateral source authorizations" within 45 days. The plaintiff moved for a protective order preventing disclosure of records relating to the plaintiff's receipt of no-fault benefits, arguing that such records are not discoverable where, as here, the plaintiff does not seek to recover unreimbursed special damages. The Supreme Court granted the plaintiff's motion, and the defendants appeal.
CPLR 3101(a) provides, in relevant part, that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." "The words, material and necessary,' are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406).
In an action relating to a motor vehicle accident, a plaintiff's medical records relating to treatment following the accident are material and necessary to the defense of a plaintiff's claim to having sustained a serious injury within the meaning of Insurance Law § 5102, in addition to any claim to recover damages for loss of enjoyment of life (see DeLouise v S.K.I. Wholesale Beer Corp., 79 AD3d 1092, 1093). Accordingly, since the plaintiff's no-fault records are material and necessary to the defense of this action, the Supreme Court should have denied the plaintiff's motion for a protective order (see Scott v Albord, 289 AD2d 389).
The plaintiff improperly relies upon CPLR 4545(a) to support his contention that collateral source records are not discoverable where a plaintiff is not seeking to recover unreimbursed special damages. CPLR 4545(a) governs the admissibility of evidence to establish that damages have been or will be covered in whole or part by a collateral source. By contrast, in the context of discovery, "[a]ny matter which may lead to the discovery of admissible proof is discoverable, as is any matter which bears upon a defense, even if the facts themselves are not admissible" (Bigman v Dime Sav. Bank of N.Y., FSB, 153 AD2d 912, 914 [citation omitted]). Moreover, whether any of the plaintiff's no-fault records are admissible for purposes other than for showing collateral source payment is not before us at this stage of the action.
SCHEINKMAN, P.J., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court