■ SUE K. HUR et al., Respondents, v CITY OF POUGHKEEPSIE et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Dutchess County, dated March 12, 1979, which (1) denied their motion to dismiss the complaint for plaintiffs' failure to comply with section 50-h of the General Municipal Law, (2) in effect granted plaintiff's cross motion for a protective order deferring the examination pursuant to section 50-h and (3) permitted the continued maintenance of the action. Order modified by deleting therefrom the provision which, in effect, deferred the examination and substituting therefor provisions directing (1) that plaintiff Sue Kate Hur submit to a medical examination and (2) that a hearing be held to determine whether said plaintiff is incapable, psychologically or otherwise, of submitting to an oral examination. As so modified, order affirmed, without costs or disbursements. The medical examination shall proceed upon a written notice of not less than 10 days, to be given by defendants, and the hearing shall proceed within 10 days after completion of the examination. The defendants shall furnish a copy of the physicians' reports to the attorney for the plaintiffs at least five days prior to the hearing. The record raises an issue of fact as to whether plaintiff Sue Kate Hur is psychologically incapable of submitting to the oral examination required by section 50-h of the General Municipal Law. If she is indeed so incapacitated, she may maintain her action without being required to perform the impossible, as would be the case if a tort claimant were in a comatose state for the entire one-year and 90-day period during which a tort action against a municipality could be maintained. We agree with Special Term that it was not the intent of the statute to deprive a claimant of the right to institute and maintain a suit where it is impossible for her to meet what would otherwise be an appropriate precondition of the suit. Plaintiff Sue Kate Hur was allegedly rendered a complete quadriplegic due to a spinal cord injury suffered in a motor vehicle accident

with a police car owned by the defendant City of Poughkeepsie. Her physician's affidavit, dated two months after the accident, also avers that her breathing is almost entirely "diaphragmatic" and that "she has, from a psychological point of view the most paralyzing sort of vulnerability that one can imagine. In short, she is devastated. She is psychologically terrified of her predicament [and] is absolutely in no condition to undergo such a legal proceeding". Defendants appropriately point out that they were never given the opportunity to cross-examine the physician. There is sufficient question whether the injuries suffered by plaintiff Sue Kate Hur rendered her incapable, psychologically or otherwise, of submitting to an oral examination (and if this was so whether such incapability subsists at the present time) so as to require a hearing at Special Term, pursuant to CPLR 2218. We note that the injured plaintiff, through her counsel, has agreed to submit to a medical examination. Accordingly, plaintiff Sue Kate Hur is directed to submit to an examination by physicians of the defendants' selection and the hearing shall proceed within 10 days after the completion of the examination. The defendants shall furnish a copy of the physicians' reports to the attorney for the plaintiffs prior to the hearing. Mollen, P. J., Titone, Mangano and Gibbons, JJ., concur. [98 Misc 2d 691.]