■ LINDA TWITTY, as Administratrix of the Estate of Ro-SETTA TWITTY, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents. [600 NYS2d 66] —Judgment, Supreme Court, New York County (Bruce McM. Wright, J.) entered May 30, 1991, which dismissed the complaint on the ground of plaintiff's failure to attend a General Municipal Law § 50-h hearing, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the complaint is reinstated.

On March 28, 1983, Rosetta Twitty (hereafter plaintiff) called New York City's Emergency Medical Service (EMS) because her body had filled with fluids as a result of diabetes and kidney disease, and she needed to be taken to a hospital to have the fluids drained. In her negligence complaint plaintiff claimed that EMS personnel dropped her, causing her to break her knee.

Defendants scheduled a General Municipal Law § 50-h hearing for February 6, 1984, but plaintiff did not appear. Plaintiff's attorney later explained in a letter to the Corporation

Counsel that plaintiff's failure to appear was caused by her "advanced age and her difficulty to ambulate," and requested an adjourned date for the hearing. On May 22, 1984, before serving plaintiff's summons and complaint, plaintiff's attorney (not the same person as appellate counsel) requested in writing that plaintiff be permitted to commence her action prior to a section 50-h hearing, then scheduled for June 18, 1984, because the Statute of Limitations was about to expire. The letter stated as here pertinent: "Physical disabilities which will prevent plaintiff from attending the scheduled hearing include: Quadriplegia; general failing health. She is confined to her bed and her home." The Corporation Counsel thereafter stipulated that the action could be commenced prior to the holding of a section 50-h hearing, while reserving the City's right to hold such examination any time prior to trial. On January 27, 1985, plaintiff died.

The action proceeded to trial on September 14, 1990. At the conclusion of plaintiff's case defendants moved to dismiss the complaint because they had allegedly been deprived of their section 50-h hearing as a result of plaintiff's counsel's "fraudulent representation" that plaintiff suffered from quadriplegia (paralysis of all four limbs), whereas in fact she did have movement in three of her limbs during the period relevant herein. The trial court granted the defendants' motion to dismiss, concluding that plaintiff had "deliberately" avoided the section 50-h hearing by making the "fraudulent and untrue representation" that plaintiff was a quadriplegic. We believe this was error.

The evidence presented to the court established that during the period relevant herein, including in or about the time when plaintiff's counsel represented that plaintiff could not attend a section 50-h hearing, the plaintiff was confined to her home and bed, she had no practical use of her legs or arms even though she could move them, and she was attended to around the clock by home attendants. Plaintiff's daughter had advised counsel of her mother's condition as set forth above, which accounts for his technically erroneous assertion that she suffered from quadriplegia. Moreover, the representation that plaintiff was in "general failing health" and "confined to her bed and her home" was accurate. This is so even though plaintiff had been transported to court by ambulette in connection with another case, against medical advice, in October 1984. As a consequence of that brief excursion plaintiff's medical conditions became uncontrollable, she was hospitalized and died.

Under all the circumstances we conclude that there was no fraud or deliberate misleading on the part of plaintiff's counsel in order to avoid a General Municipal Law § 50-h hearing. Rather, the representations concerning plaintiff's health with respect to her ability to attend a hearing were substantially accurate, and accordingly the defendants' motion to dismiss the complaint should have been denied. Concur—Carro, J. P., Ellerin, Wallach, Ross and Rubin, JJ.