ALBERTINA WILLIAMS, Respondent, v MYRTLE A. BRAY et al., Appellants. [616 NYS2d 286]—Order unanimously affirmed without costs. Memorandum: Even assuming that defendants Alfano and Bray met their initial burdens on their motion and cross motion, respectively, for summary judgment seeking dismissal of the complaint on the ground that plaintiff failed to meet the serious injury threshold, plaintiff raised an issue of fact in response thereto by the affirmation of her treating physician (see, Assaf v Ropog Cab Corp., 153 AD2d 520). (Appeals from Order of Supreme Court, Nassau County, DiNoto, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

ELLA L. HILL, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [614 NYS2d 824] —Order insofar as appealed from unanimously reversed on the law without costs in accordance with the following Memorandum: Defendants contend that it was error for Supreme Court to require them to conduct an examination of claim. We agree. The record establishes that plaintiff served a timely notice of claim, that defendants served a demand on plaintiff to appear for an examination of claim pursuant to General Municipal Law § 50-h, and that plaintiff served a summons and complaint upon defendants before the examination was held. Because plaintiff commenced her action before complying with General Municipal Law § 50-h (1), the court properly dismissed the complaint (see, La Vigna v County of Westchester, 160 AD2d 564, 565; Graber v City of New York, 89 AD2d 598). It was error, however, for the court, after dismissing the complaint, to require defendants to conduct an examination of claim because the Statute of Limitations for commencing an action against defendants had expired (see, Lowinger v City of New York, 64 AD2d 888). (Appeal from Order of Supreme Court, Kings County, Hutcherson, J.—Dismiss Proceeding.) Present— Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.