■ LUCERO D. S. ARCILA et al., Appellants, v INCORPORATED VILLAGE OF FREEPORT, Respondent. [647 NYS2d 544] —In an action to recover damages, inter alia, for wrongful death, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Yachnin, J.), entered September 22, 1992, which dismissed the complaint, and an order and an amended order of the same court (DiNoto, J.), entered November 13, 1995, and November 21, 1995, respectively, which denied her motion denominated as one for renewal but which was, in effect, one for reargument of her prior motion.

Ordered that the appeal from the order entered November 13, 1995, is dismissed, as that order was superseded by the amended order entered November 21, 1995; and it is further,

Ordered that the appeal from the order entered November 21, 1995 is dismissed as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered September 22, 1992, is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The defendant demanded a hearing pursuant to General Municipal Law § 50-h (1) in January 1989, which was within 90 days of service of the notice of claim. At the request of the plaintiffs' counsel, the hearing was adjourned seven times both before this action was commenced in November 1989, and thereafter. After the last adjournment, no new hearing date was scheduled.

The Supreme Court properly granted the defendant's motion to dismiss the complaint. A potential plaintiff who has not complied with General Municipal Law § 50-h (1) is precluded from commencing an action against a municipality (*see, Schrader v Town of Orangetown,* 226 AD2d 620; *Hill v New York City Tr. Auth.,* 206 AD2d 969; *La Vigna v County of Westchester,* 160 AD2d 564; General Municipal Law § 50-h [5]). While compliance with Section 50-h (1) has been excused in exceptional circumstances (*see, e.g., Twitty v City of New York,* 195 AD2d 354; *Hur v City of Poughkeepsie,* 71 AD2d 1014), we agree with the Supreme Court that the plaintiffs did not provide an adequate excuse for their failure to appear at the hearing.

In 1995, three years after the court dismissed the complaint in 1992, the plaintiffs brought a motion, denominated as one for renewal, to vacate the order. The motion was not based upon new facts which were unavailable at the time of the original motion, as clearly the plaintiffs were aware of the circumstances which allegedly prevented the plaintiff Lucero Del Socorro Arcila from attending the hearing in 1989 and which prompted the numerous requests for adjournments. The motion therefore was actually a motion to reargue, the denial of which is not appealable (*see, Paulus v Kuchler,* 214 AD2d 608; *Adams v Berkowitz,* 212 AD2d 557). O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.