■ ERICK HEINS, Respondent, v BOARD OF TRUSTEES OF THE INCORPORATED VILLAGE OF GREENPORT, Appellant. [655 NYS2d 996] —In an action to recover damages for defamation, the defendant appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated March 27, 1996, which, upon the prior conversion of its motion to dismiss the complaint pursuant to CPLR 3211 to a motion for summary judgment dismissing the complaint, denied the motion.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

The plaintiff failed to comply with General Municipal Law § 50-h. Therefore, he was precluded from commencing this action *(see, Arcila v Incorporated Vil. of Freeport,* 231 AD2d 660; *Schrader v Town of Orangetown,* 226 AD2d 620; *Hill v New York City Tr. Auth.,* 206 AD2d 969; General Municipal Law § 50-h [5]).

Even if the plaintiff had complied with General Municipal

Law § 50-h, the defendant established its entitlement to dismissal of the complaint on an alternative ground. Truth is an absolute defense to an action based on defamation *(see, Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, *cert denied* 434 US 969; *Schiffer v Tarrytown Boat Club,* 219 AD2d 704, *appeal dismissed* 87 NY2d 916, *cert denied* — US —, 117 S Ct 172; *Smith v United Church Ministry,* 212 AD2d 1038), and the defendant presented documentary evidence establishing the truth of the alleged defamatory statements. O'Brien, J. P., Ritter, Krausman and Goldstein, JJ., concur.