■ KEVIN PATTERSON, Respondent, v MICHAEL FORD et al., Defendants, and OFFICER CASE et al., Appellants. [679 NYS2d 706] —In an action, *inter alia,* to recover damages for false arrest and malicious prosecution, the defendants Officer Case, Officer Lester, and the Freeport Police Department appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated October 29, 1997, which denied their motion to dismiss the complaint and all cross claims insofar as asserted against them for the plaintiff's failure to comply with General Municipal Law § 50-h prior to commencing the action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint and all cross claims insofar as asserted against the appellants are dismissed.

The record establishes that pursuant to General Municipal Law § 50-h, a hearing was timely noticed, that it was adjourned multiple times at the plaintiff's request, and that the plaintiff served a summons and complaint upon the appellants before the hearing was held. The law is well established that a potential plaintiff who has not complied with General Municipal Law § 50-h (1) is precluded from commencing an action against a municipality (*see, Heins v Board of Trustees,* 237 AD2d 570; *Arcila v Incorporated Vil. of Freeport,* 231 AD2d 660; *Schrader v Town of Orangetown,* 226 AD2d 620). Accordingly, the appellants' motion to dismiss the complaint and all cross claims insofar as asserted against them should have been granted. Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.