DANIEL ZAPATA, Respondent, v COUNTY OF SUFFOLK et al., Appellants. [806 NYS2d 597]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Burke, J.), dated February 21, 2003, which denied their motion to dismiss the complaint on the ground that the plaintiff failed to comply with General Municipal Law § 50-h.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint dismissed.

The plaintiff did not appear for his scheduled General Municipal Law § 50-h hearing because he was incarcerated at a correctional facility upstate. In response to the plaintiff's inquiry, the County of Suffolk advised him that he was responsible for taking the necessary steps to arrange for his attendance at the municipal hearing in accordance with Civil Rights Law § 79. No

further action was taken by either party until the plaintiff commenced this action.

A party who has failed to comply with General Municipal Law § 50-h is precluded from commencing an action against a municipality (*see Patterson v Ford,* 255 AD2d 373 [1998]; *Heins v Board of Trustees of Inc. Vil. of Greenport,* 237 AD2d 570 [1997]; *Arcila v Incorporated Vil. of Freeport,* 231 AD2d 660 [1996]). We disagree with the Supreme Court's conclusion that the plaintiff's incarceration constituted an exceptional circumstance excusing his failure to appear for the repeatedly adjourned hearing and that the municipal defendant was obligated to arrange for his attendance at the hearing (*see Scalzo v County of Suffolk,* 306 AD2d 397 [2003]; Civil Rights Law § 79).

We reject the plaintiff's contention that the appeal should be dismissed as untimely taken as there is no evidence as to when the order with notice of entry was allegedly served upon the defendants (*see Deshler v East W. Renovators,* 259 AD2d 351, 352 [1999]; *Sandcham Realty Corp. v Taub,* 299 AD2d 220, 221 [2002]). S. Miller, J.P., Krausman, Rivera and Covello, JJ., concur.