■ RICHARD KEMP, Appellant, v COUNTY OF SUFFOLK et al., Respondents. [878 NYS2d 135]—

In an action, inter alia, to recover damages for assault and false arrest, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Pitts, J.), dated February 20, 2008, which granted the defendants' motion for summary judgment dismissing the complaint based on his failure to comply with General Municipal Law § 50-h, and (2), as limited by his brief, from so much of an order of the same court dated July 29, 2008, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated February 20, 2008, is dismissed, as that order was superseded by the order dated July 29, 2008, made upon reargument; and it is further,

Ordered that the order dated July 29, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

"A party who has failed to comply with a demand for examination pursuant to General Municipal Law § 50-h is precluded from commencing an action against a municipality" (*Bernoudy v County of Westchester,* 40 AD3d 896, 897 [2007]; *see Zapata v County of Suffolk,* 23 AD3d 553, 554 [2005]; *Patterson v Ford,* 255 AD2d 373 [1998]; *Heins v Board of Trustees of Inc. Vil. of Greenport,* 237 AD2d 570 [1997]). Contrary to the plaintiff's contention, he failed to offer a sufficient reason, or allege any exceptional circumstances, to excuse his compliance with General Municipal Law § 50-h after a related criminal proceeding terminated (*see Misek-Falkoff v Metropolitan Tr. Auth. [MTA],* 44 AD3d 629 [2007]; *Zapata v County of Suffolk,* 23 AD3d at 554; *Arcila v Incorporated Vil. of Freeport,* 231 AD2d 660, 661 [1996]; *cf. Twitty v City of New York,* 195 AD2d 354 [1993]). Under the circumstances of this case, where the plaintiff invoked his Fifth Amendment privilege against self-incrimination at the hearing pursuant to General Municipal Law § 50-h, on January 7, 2005, the plaintiff, not the County defendants, was obligated to reschedule a continuation of the 50-h hearing after the criminal proceeding terminated two years later (*see Misek-Falkoff v Metropolitan Tr. Auth. [MTA],* 44 AD3d at 629; *Zapata v County of Suffolk,* 23 AD3d at 554; *Scalzo v County of Suffolk,* 306 AD2d 397, 397-398 [2003]; *Arcila v Incorporated Vil. of Freeport,* 231 AD2d at 661; *Bailey v New York City Health & Hosps. Corp.,* 191 AD2d 606 [1993]; *Best v City of New York,* 97 AD2d 389 [1983], *affd* 61 NY2d 847 [1984]). Thus, the Supreme Court properly, upon reargument, adhered to its original determination granting the defendants' motion for summary judgment dismissing the complaint based on the plaintiff's failure to comply with General Municipal Law § 50-h.

The parties' remaining contentions are without merit or have been rendered academic. Mastro, J.P., Dillon, Leventhal and Chambers, JJ., concur.