■ BRADLEY STEENBUCK, Respondent, v STANLEY SKLAROW, Defendant, and COUNTY OF SUFFOLK, Appellant. [880 NYS2d 359]—

In an action to recover damages for personal injuries, the defendant County of Suffolk appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated August 21, 2008, which denied its motion to dismiss the complaint insofar as asserted against it for failure to comply with General Municipal Law § 50-h.

Ordered that the order is affirmed, with costs.

On April 12, 2006 the plaintiff Bradley Steenbuck sustained traumatic brain injury when his motorcycle collided with an

automobile in the intersection of County Road 111 and the Long Island Expressway's north service road in Suffolk County. The plaintiff was hospitalized until December 20, 2006. As a result of his injuries, the plaintiff has speech, memory, and cognitive deficits, cannot hold an intelligent conversation, and has no recall of the accident. The plaintiff's parents were appointed guardians of the plaintiff's person and property pursuant to Mental Hygiene Law article 81 and were authorized to retain the services of an attorney to commence a civil action on the plaintiff's behalf in connection with the accident. After a notice of claim was filed asserting that the defendant County was negligent in the construction and maintenance of the roadway and in failing to install adequate traffic control devices at the subject intersection, the County served a demand for an examination pursuant to General Municipal Law § 50-h. The examination was adjourned indefinitely at the request of the plaintiff's counsel. Several months later, the County served a demand for an examination of the plaintiff's parents. The plaintiff did not appear for an examination; however, the plaintiff's parents did. Subsequently, the plaintiff's counsel forwarded to the County a letter from the plaintiff's treating physician describing the plaintiff's injuries and explaining why he was unable to testify.

The plaintiff, by his parents as guardians of his person and property, then commenced the instant action against the driver of the automobile and the County to recover damages for personal injuries. The Supreme Court denied the County's motion to dismiss the complaint insofar as asserted against it for failure to comply with General Municipal Law § 50-h. We affirm.

When requested, a claimant's submission to a General Municipal Law § 50-h examination is a condition precedent to bringing an action against a municipality (*see Matter of Brian VV. v Chenango Forks Cent. School Dist.*, 299 AD2d 803, 804 [2002]; *Kowalski v County of Erie*, 170 AD2d 950 [1991]; *La Vigna v County of Westchester*, 160 AD2d 564, 565 [1990]), and noncompliance is a ground for dismissal (*see Asaro v Gilpin*, 289 AD2d 429 [2001]; *Kowalski v County of Erie*, 170 AD2d 950 [1991]). The failure to submit to such an examination, however, may be excused in exceptional circumstances, such as extreme physical or psychological incapacity (*see Arcila v Incorporated Vil. of Freeport*, 231 AD2d 660, 661 [1996]; *Twitty v City of New York*, 195 AD2d 354, 356 [1993]; *Alford v City of New York*, 115 AD2d 420, 421-422 [1985], *affd on mem below* 67 NY2d 1019 [1986]; *Hur v City of Poughkeepsie*, 71 AD2d 1014, 1015 [1979]).

Under the circumstances of this case, given the nature and

extent of the plaintiff's injuries as documented by his treating physician and testified to by his father, the appointment of the plaintiff's parents as his guardians pursuant to Mental Hygiene Law article 81, and the appearance of the plaintiff's parents at a hearing pursuant to General Municipal Law § 50-h, the plaintiff's failure to appear for such a hearing does not warrant dismissal of the complaint (*see Twitty v City of New York*, 195 AD2d 354 [1993]; *Hur v City of Poughkeepsie*, 71 AD2d 1014 [1979]). Dillon, J.P., Florio, Balkin and Austin, JJ., concur.