■ ALLEN S. GOLD, Respondent, v ROCKVILLE CENTRE POLICE DEPARTMENT et al., Defendants and COUNTY OF SUFFOLK et al., Appellants. [896 NYS2d 391]—

In an action, inter alia, to recover damages for defamation, trespass, and false arrest, the defendants County of Suffolk, Suffolk County Police Department, Suffolk County Detective Robert M. Petro, Jr., as a Detective of the Suffolk County Police Department, Robert M. Petro, Jr., as a Notary Public of the State of New York, Suffolk County Detective Kevin Early, and Suffolk County Detective Donald Hughes appeal from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated May 12, 2009, as denied their motion to dismiss the

complaint insofar as asserted against them on the ground that the plaintiff failed to comply with General Municipal Law § 50-h.

Ordered that the order is modified, on the law, by adding thereto a provision directing a continuation of a hearing pursuant to General Municipal Law § 50-h; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

On January 16, 2007, the plaintiff was arrested at his home in Rockville Centre. In June 2007 he was indicted for insurance fraud and falsely reporting an incident. The charges stemmed from an alleged occurrence on September 29, 2006, when the plaintiff reported that his yacht had sunk in the Atlantic Ocean off Fire Island.

In early April 2007, after being arrested but prior to being indicted, the plaintiff served a notice of claim upon the County of Suffolk, naming, among others, the County, the Suffolk County Police Department, and Detective Robert M. Petro, Jr. Shortly thereafter, the Suffolk County Attorney served the plaintiff with a demand for an examination pursuant to General Municipal Law § 50-h (hereinafter the 50-h hearing). The 50-h hearing was originally scheduled for May 30, 2007, but adjourned at the plaintiff's request to January 30, 2008. On that date, the plaintiff appeared, was duly sworn, placed his name and address on the record, and thereafter invoked his Fifth Amendment privilege against self-incrimination. The plaintiff stated, in response to a direct question from the attorney for the County defendants, that he would submit to an examination after the conclusion of the criminal case.

On April 3, 2008, within the one-year and 90-day statute of limitations period (see General Municipal Law § 50-i [1] [c]), the plaintiff commenced this action against, among others, the County of Suffolk, the Suffolk County Police Department, and Suffolk County Detectives Robert M. Petro, Jr., Kevin Early, and Donald Hughes (hereinafter collectively the County defendants). In July 2008 the County defendants moved to dismiss the complaint insofar as asserted against them on the ground that the plaintiff failed to comply with General Municipal Law § 50-h by invoking the Fifth Amendment privilege against self-incrimination. On March 31, 2009, the plaintiff was acquitted of the aforementioned criminal charges. By written correspondence dated April 1, 2009, while the County defendants' motion was still pending and undecided, the plaintiff informed the Supreme Court and counsel of the disposition of the criminal case against him and requested that the 50-h hearing be rescheduled. In an order dated May 12, 2009, the Supreme

Court, inter alia, denied the County defendants' motion. We modify.

At the 50-h hearing on January 30, 2008, while the criminal charges against the plaintiff were pending, the plaintiff invoked his Fifth Amendment privilege against self-incrimination (*see Kemp v County of Suffolk*, 61 AD3d 937, 938 [2009]; *Nasca v Town of Brookhaven*, 10 AD3d 415 [2004]). After he was acquitted, the plaintiff promptly informed the County defendants of the disposition of the criminal case against him, and requested that the 50-h hearing be rescheduled (*cf. Kemp v County of Suffolk*, 61 AD3d at 938). Under the circumstances presented, the Supreme Court properly denied the County defendants' motion to dismiss the complaint insofar as asserted against them. However, it should also have directed a continuation of the 50-h hearing which had begun on January 30, 2008 (*see Nasca v Town of Brookhaven*, 10 AD3d at 415).

The County defendants' remaining contentions are without merit. Dillon, J.P., Florio, Leventhal and Roman, JJ., concur.