Lahtinen, J.P.
Appeal from that part of an order of the Supreme Court (Dowd, J.), entered July 19, 2011 in Chenango County, which partially denied a motion by defendants Village of Greene and Stephen Dutcher to dismiss the complaint.
Defendant Village of Greene (hereinafter defendant) properly served a timely demand for an examination of plaintiff pursuant to General Municipal Law § 50-h after receiving plaintiffs notice of claim in August 2009 alleging defamation by its police chief, defendant Stephen Dutcher. Plaintiffs counsel contacted defendant’s counsel the day before the scheduled examination and stated that he no longer represented plaintiff, would not attend the hearing and did not know if plaintiff had retained new counsel. Defendant then served a demand for examination by certified mail to the address verified by plaintiff in his notice of claim as his address. Plaintiff failed to appear for the examination, but subsequently commenced this action in August 2010 against defendant, Dutcher and the County of Chenango. Defendant and Dutcher moved to dismiss the action asserting, among other things, plaintiff’s failure to attend the General Municipal Law § 50-h examination. Supreme Court granted dismissal as to Dutcher, and there is no appeal from that part of the order. However, the court denied the motion as to defendant based on plaintiff’s statement that the notice “was never delivered to my home, nor did I ever see these items.” Defendant appeals.
Complying with a proper request for an examination pursuant to General Municipal Law § 50-h is a condition precedent and failure to comply, absent exceptional circumstances, gener *1640 ally is a ground for dismissal (see Gravius v County of Erie, 85 AD3d 1545, 1545 [2011], appeal dismissed 17 NY3d 896 [2011]; Southern Tier Plastics, Inc. v County of Broome, 53 AD3d 980, 980 [2008]; Misek-Falkoff v Metropolitan Tr. Auth. [MTA], 44 AD3d 629, 629 [2007]). It is uncontested that defendant’s first demand was properly served and received by plaintiff’s counsel, who notified defendant on the eve of the examination that he no longer represented plaintiff, thus resulting in the examination not being conducted the next day.[1] Defendant then sent a demand by certified mail to the address set forth in plaintiffs notice. Certified mail is a statutorily authorized manner of notifying an unrepresented litigant of a demand for an examination (see General Municipal Law § 50-h [2]), and defendant’s motion papers included a duly executed affidavit of service.[2] “A properly executed affidavit of service raises a presumption that a proper mailing occurred” (Engel v Lichterman, 62 NY2d 943, 944 [1984]) and generally “a mere denial of receipt is not enough to rebut this presumption” (Kihl v Pfeffer, 94 NY2d 118, 122 [1999]). Defendant twice made timely and properly served demands. Plaintiff was clearly aware from the first demand that his examination was required. His cursory and conclusory response regarding the second service was insufficient to excuse his failure to comply with defendant’s demand. As such, defendant is entitled to dismissal of the complaint.
Spain, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied the motion to dismiss; motion granted in its entirety and complaint dismissed against defendant Village of Greene; and, as so modified, affirmed.

. It appears that plaintiff has been represented by four different attorneys at various times in this matter, as well as acting pro se at other times. When he opposed the underlying motion, he was represented by counsel. He is currently pro se and elected not to submit a brief.

. Although defendant did not send the notice with a return receipt requested, such is not required by the statute. Defendant did include with its motion papers the postal payment receipt reflecting that an item was sent by certified mail to plaintiffs address on the same date stated in the affidavit of service.