STEVEN R. HYMOWITZ, Appellant, v CITY OF NEW YORK et al., Respondents. [996 NYS2d 337]—

In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), entered August 21, 2013, which granted the defendants' motion to dismiss the complaint for failure to comply with General Municipal Law § 50-h.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the defendants' motion to dismiss the complaint for failure to comply with General Municipal Law § 50-h is denied.

On July 18, 2010, the plaintiff's decedent allegedly was severely injured when she was struck by a bicyclist on a bicycle trail near Cunningham Park in Queens County. The decedent served a notice of claim upon the defendants on September 23, 2010, three days prior to her death. Approximately one month thereafter, the defendants served the attorney who would have represented the decedent before her death with a demand for an oral examination of the decedent pursuant to General Municipal Law § 50-h. In response to the demand, counsel requested an adjournment of the hearing, which was granted, and thereafter requested three additional adjournments, explaining that the decedent had died and that the estate was in the process of obtaining an administrator. Counsel's final letter informed the defendants that the proposed administrator was ready, willing, and able to testify at a hearing. Thereafter, the defendants did not serve any further demands for a hearing. On October 12, 2011, the plaintiff, as administrator of the decedent's estate, commenced this action against the defendants to recover damages for personal injuries and wrongful death. On June 3, 2013, the defendants moved to dismiss the complaint for failure to comply with General Municipal Law § 50-h. The Supreme Court granted the defendants' motion.

Compliance with a demand for a General Municipal Law § 50-h examination is a condition precedent to the commencement of an action against a municipal defendant, and the failure to so comply warrants dismissal of the action (*see* General Municipal Law § 50-h; *Ross v County of Suffolk*, 84 AD3d 775, 775-776 [2011]; *Steenbuck v Sklarow*, 63 AD3d 823, 824 [2009]; *Kemp v County of Suffolk*, 61 AD3d 937, 938 [2009]). The failure to submit to such an examination, however, may be excused in exceptional circumstances, such as extreme physical or psychological incapacity (*see Steenbuck v Sklarow*, 63 AD3d at 824; *Arcila v Incorporated Vil. of Freeport*, 231 AD2d 660, 661 [1996]; *Twitty v City of New York*, 195 AD2d 354, 356 [1993]; *Alford v City of New York*, 115 AD2d 420, 421-422 [1985], *affd on mem below* 67 NY2d 1019 [1986]).

Under the circumstances of this case, the failure to appear for an examination pursuant to General Municipal Law § 50-h should have been excused in light of the decedent's death before service of the demand for her examination, the administrator's willingness to appear at a hearing, and the defendants' failure to demand the examination of any other person (*see Steenbuck v Sklarow*, 63 AD3d at 824; *Twitty v City of New York*, 195 AD2d at 356; *Hur v City of Poughkeepsie*, 71 AD2d 1014, 1015 [1979]). Accordingly, the defendants' motion to dismiss the complaint for failure to comply with their demand to examine pursuant to General Municipal Law § 50-h should have been denied.

The plaintiff's remaining contentions either are improperly raised for the first time on appeal or need not be considered in view of the foregoing (*see Bruno v Sant'Elia*, 52 AD3d 556, 557 [2008]). Rivera, J.P., Hall, Austin, Miller and Maltese, JJ., concur.