■ LEGAL SERVICES FOR THE ELDERLY, DISABLED, OR DISADVANTAGED OF WESTERN NEW YORK, INC., et al., Respondents, v COUNTY OF ERIE et al., Appellants. [3 NYS3d 497]—

Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered December 19, 2013. The order, inter alia, denied the motion of defendants to dismiss the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: David Glenn's former power of attorney commenced this action seeking damages for injuries sustained by Glenn while he was in the custody of defendant Erie County Sheriff's Department. Contrary to defendants' contention, Supreme Court properly denied their motion seeking dismissal of the complaint based upon plaintiffs' failure to appear at a hearing scheduled pursuant to General Municipal Law § 50-h

(1). "It is well settled that a plaintiff who has not complied with General Municipal Law § 50-h (1) is precluded from maintaining an action against a municipality" (*McDaniel v City of Buffalo*, 291 AD2d 826, 826 [2002]). "The failure to submit to . . . an examination [pursuant to section 50-h], however, may be excused in exceptional circumstances, such as extreme physical or psychological incapacity" (*Steenbuck v Sklarow*, 63 AD3d 823, 824 [2009]; *see Gravius v County of Erie*, 85 AD3d 1545, 1546 [2011], *appeal dismissed* 17 NY3d 896 [2011]). Here, it is undisputed that Glenn was unable to appear at the hearing because he sustained a severe brain injury and is permanently incapacitated. Furthermore, Glenn's former power of attorney was unable to appear at the hearing or reschedule the hearing for a later date because he was hospitalized with various ailments. Under these circumstances, "plaintiff[s'] failure to appear for . . . a hearing does not warrant dismissal of the complaint" (*Steenbuck*, 63 AD3d at 825; *see Hymowitz v City of New York*, 122 AD3d 681, 682 [2014]; *Twitty v City of New York*, 195 AD2d 354, 356 [1993]). Present—Scudder, P.J., Fahey, Peradotto, Carni and Whalen, JJ.

