# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**71**
**CA 14-01387**
PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND WHALEN, JJ.

---

LEGAL SERVICES FOR THE ELDERLY, DISABLED, OR
DISADVANTAGED OF WESTERN NEW YORK, INC. AND
KAREN NICHOLSON, CHIEF EXECUTIVE OFFICER, AS
PERMANENT GUARDIAN OF DAVID GLENN,
PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

COUNTY OF ERIE AND ERIE COUNTY SHERIFF'S
DEPARTMENT, DEFENDANTS-APPELLANTS.

---

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (SHAWN P. HENNESSY OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

ROLAND M. CERCONE, PLLC, BUFFALO (ROLAND M. CERCONE OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Tracey A.
Bannister, J.), entered December 19, 2013.  The order, inter alia,
denied the motion of defendants to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  David Glenn's former power of attorney commenced
this action seeking damages for injuries sustained by Glenn while he
was in the custody of defendant Erie County Sheriff's Department.
Contrary to defendants' contention, Supreme Court properly denied
their motion seeking dismissal of the complaint based upon plaintiffs'
failure to appear at a hearing scheduled pursuant to General Municipal
Law § 50-h (1).  "It is well settled that a plaintiff who has not
complied with General Municipal Law § 50-h (1) is precluded from
maintaining an action against a municipality" (*McDaniel v City of
Buffalo*, 291 AD3d 826, 826).  "The failure to submit to . . . an
examination [pursuant to section 50-h], however, may be excused in
exceptional circumstances, such as extreme physical or psychological
incapacity" (*Steenbuck v Sklarow*, 63 AD3d 823, 824; *see Gravius v
County of Erie*, 85 AD3d 1545, 1546, *appeal dismissed* 17 NY3d 896).
Here, it is undisputed that Glenn was unable to appear at the hearing
because he sustained a severe brain injury and is permanently
incapacitated.  Furthermore, Glenn's former power of attorney was
unable to appear at the hearing or reschedule the hearing for a later
date because he was hospitalized with various ailments.  Under these
circumstances, "plaintiff[s'] failure to appear for . . . a hearing

does not warrant dismissal of the complaint" (*Steenbuck*, 63 AD3d at 825; *see Hymowitz v City of New York*, 122 AD3d 681, 682; *Twitty v City of New York*, 195 AD2d 354, 356).

Entered:  February 6, 2015                    Frances E. Cafarell
                                             Clerk of the Court