■ MICHAEL DI POMPO, Appellant, v CITY OF BEACON POLICE DEPARTMENT et al., Respondents. [57 NYS3d 426]—

In an action, inter alia, to recover damages for false arrest and false imprisonment, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Rosa, J.), dated March 8, 2016, which, granted the defendants' motion to dismiss the complaint for failure to comply with General Municipal Law § 50-h, and (2) a judgment of the same court entered April 8, 2016, which, upon the order, is in favor of the defendants and against him dismissing the complaint. The notice of the appeal from the order is deemed also to be a notice of appeal from the judgment (see CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see *Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

On January 23, 2015, the plaintiff was arrested at his home in Beacon, and it is undisputed that criminal charges were brought against him as a result of the arrest. On or about April 15, 2015, the plaintiff served a notice of claim upon, among others, the City of Beacon Police Department and the City of

Beacon (hereinafter together the defendants). On April 24, 2015, the defendants served a demand for an oral examination of the plaintiff pursuant to General Municipal Law § 50-h. On July 8, 2015, the plaintiff appeared for the examination and answered some, but not all, of the questions posed by the defendants' attorney. Although the plaintiff's attorney objected to many of the questions and instructed the plaintiff not to answer, ostensibly because criminal charges were pending, the plaintiff did not expressly invoke his Fifth Amendment privilege against self-incrimination. In January 2016, the plaintiff commenced this action, alleging, inter alia, false arrest and false imprisonment. In February 2016, the defendants moved to dismiss the complaint for failure to comply with General Municipal Law § 50-h. The Supreme Court granted the motion.

The purpose of the statutory notice of claim requirement is to afford the public corporation an adequate opportunity to conduct an investigation into the circumstances surrounding an alleged occurrence and to explore the merits of the claim while information is readily available (*see Bowers v City of New York*, 147 AD3d 894, 895 [2017]; *Avery v New York City Tr. Auth.*, 138 AD3d 770, 771 [2016]). The oral examination of the claimant pursuant to General Municipal Law § 50-h serves to supplement the notice of claim and provides an investigatory tool to the public corporation, with a view toward settlement (*see Alouette Fashions v Consolidated Edison Co. of N.Y.*, 119 AD2d 481, 487 [1986], *affd* 69 NY2d 787 [1987]). "Compliance with a demand for a General Municipal Law § 50-h examination is a condition precedent to the commencement of an action against a municipal defendant, and the failure to so comply warrants dismissal of the action" (*Ross v County of Suffolk*, 84 AD3d 775, 775-776 [2011]; *see* General Municipal Law § 50-h [5]).

Here, while the plaintiff appeared for the scheduled examination, he failed to answer many of the questions that were posed to him, and he never invoked his Fifth Amendment privilege against self-incrimination. Since he failed to assert his privilege at the time he was relying on it, he was unable to benefit from it (*see Salinas v Texas*, 570 US —, —, 133 S Ct 2174, 2176 [2013]). Even if the plaintiff had properly asserted his privilege, he was obligated to schedule a new General Municipal Law § 50-h examination after his criminal case ended, but he failed to do so (*see Kemp v County of Suffolk*, 61 AD3d 937, 938 [2009]). Instead, the plaintiff simply commenced an action in January 2016 without indicating the status of the criminal charges.

Under these circumstances, the Supreme Court properly granted the defendants' motion to dismiss the complaint for failure to comply with General Municipal Law § 50-h (*see Palmieri v Town of Babylon*, 139 AD3d 925, 926 [2016]; *Boone v City of New York*, 92 AD3d 709, 710 [2012]; *Kemp v County of Suffolk*, 61 AD3d at 938; *cf. Gold v Rockville Ctr. Police Dept.*, 71 AD3d 632 [2010]). Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.