Riabaia v New York City Health & Hosps. Corp. (2019 NY Slip Op 02136)





Riabaia v New York City Health & Hosps. Corp.


2019 NY Slip Op 02136


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2018-00133
 (Index No. 502901/17)

[*1]Musya Riabaia, appellant, 
v
New York City Health and Hospitals Corporation, respondent.


William Pager, Brooklyn, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay S. Ng and Janet L. Zaleon of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Michelle Weston, J.), dated November 20, 2017. The order granted the defendant's motion to dismiss the complaint for failure to comply with General Municipal Law § 50-h.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the defendant's motion to dismiss the complaint for failure to comply with General Municipal Law § 50-h is denied.
On April 8, 2016, the plaintiff, who was in her late 80s, allegedly fell and sustained personal injuries when she was a patient at Coney Island Hospital in Brooklyn. On April 27, 2016, the plaintiff served a notice of claim upon the defendant. On or about May 16, 2016, the defendant served the plaintiff's attorney with a demand for an oral examination of the plaintiff pursuant to General Municipal Law § 50-h. After multiple adjournments of that examination, on or about February 13, 2017, the plaintiff commenced this action to recover damages for personal injuries. The defendant then moved to dismiss the complaint for failure to comply with General Municipal Law § 50-h. The plaintiff opposed the motion, relying on several letters written by her doctors, all of which she alleged had been sent to the defendant. Therein, the plaintiff's doctors stated, among other things, that the plaintiff was homebound, weak, and had multiple medical and mental problems. The Supreme Court granted the defendant's motion.
"Compliance with a demand for a General Municipal Law § 50-h examination is a condition precedent to the commencement of an action against a municipal defendant, and the failure to so comply warrants dismissal of the action" (Hymowitz v City of New York, 122 AD3d 681, 682; see General Municipal Law § 50-h; Ross v County of Suffolk, 84 AD3d 775, 775-776; Steenbuck v Sklarow, 63 AD3d 823, 824). The failure to submit to such an examination, however, may be excused in exceptional circumstances, such as extreme physical or psychological incapacity (see Hymowitz v City of New York, 122 AD3d at 682; Steenbuck v Sklarow, 63 AD3d at 824).
Under the circumstances of this case, the plaintiff's failure to appear for the [*2]examination pursuant to General Municipal Law § 50-h should have been excused in light of the nature and extent of the plaintiff's medical and mental conditions, as documented by her doctors' letters (see Steenbuck v Sklarow, 63 AD3d at 824-825; Twitty v City of New York, 195 AD2d 354, 356). Accordingly, the defendant's motion to dismiss the complaint for failure to comply with General Municipal Law § 50-h should have been denied.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court