A. R. v Urrutia (2023 NY Slip Op 00120)

A. R. v Urrutia

2023 NY Slip Op 00120

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-04477
 (Index No. 610229/19)

[*1]A. R., etc., et al., appellants, 
v
Yrna Urrutia, et al., defendants, County of Suffolk, respondent. 

Borrell & Riso, LLP, Staten Island, NY (John Riso of counsel), for appellants.
Dennis M. Cohen, County Attorney, Hauppauge, NY (Stephanie N. Hill of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated May 12, 2020. The order, insofar as appealed from, granted the motion of the defendant County of Suffolk to dismiss the complaint insofar as asserted against it for failure to comply with General Municipal Law § 50-h, and denied that branch of the plaintiffs' cross motion which was for leave to extend their time to appear for an oral examination pursuant to General Municipal Law § 50-h.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 22, 2018, the infant plaintiff allegedly was injured when she was struck by a motor vehicle as she crossed a street in the vicinity of Central Islip Senior High School. On or about October 16, 2018, the infant plaintiff, by her mother, and her mother individually, served a notice of claim upon the County of Suffolk. On November 19, 2018, the County served the plaintiffs' counsel with a demand for an oral examination of the plaintiffs pursuant to General Municipal Law § 50-h. Neither the plaintiffs nor their counsel responded to the notice, nor appeared for the examination. In May 2019, the plaintiffs commenced this personal injury action against, among others, the County. The County moved to dismiss the complaint insofar as asserted against it for failure to comply with General Municipal Law § 50-h. The plaintiffs cross-moved, inter alia, for leave to extend their time to appear for an oral examination pursuant to General Municipal Law § 50-h. The Supreme Court, among other things, granted the County's motion and denied that branch of the plaintiffs' cross motion. The plaintiffs appeal.
The purpose of the statutory notice of claim requirement is to afford the municipality the opportunity to conduct an investigation into the circumstances surrounding an alleged occurrence and explore the merits of the claim while relevant information is readily available (see Bowers v City of New York, 147 AD3d 894, 895; Avery v New York City Tr. Auth., 138 AD3d 770, 771). Moreover, "[t]he oral examination of the claimant pursuant to General Municipal Law § 50-h serves to supplement the notice of claim and provides an investigatory tool to the public corporation, with a view toward settlement" (Di Pompo v City of Beacon Police Dept, 153 AD3d 597, 598). "Compliance with a demand for a General Municipal Law § 50-h examination is a condition precedent to the commencement of an action against a municipal defendant, and the failure to so [*2]comply warrants dismissal of the action" (Ross v County of Suffolk, 84 AD3d 775, 775-776; see General Municipal Law § 50-h [5]).
"A properly executed affidavit of service raises a presumption that a proper mailing occurred" (Engel v Lichterman, 62 NY2d 943, 944), and generally "a mere denial of receipt is not enough to rebut this presumption" (Kihl v Pfeffer, 94 NY2d 118, 122). Here, as the demand for examination was timely served in writing by mail, the plaintiffs' failure to respond to the demand, or "to offer a sufficient reason, or allege any exceptional circumstances, that would excuse [them] from complying with General Municipal Law § 50-h" (Palmieri v Town of Babylon, 139 AD3d 925, 926), entitled the County to dismissal of the complaint (see Cook v Village of Greene, 95 AD3d 1639, 1640). Any failure of the infant plaintiff's representatives to convey to the County her alleged inability to appear for the noticed hearing was not sufficient to warrant denial of the County's motion to dismiss the complaint insofar as asserted against it (see Ross v County of Suffolk, 84 AD3d at 776).
The plaintiffs' remaining contentions are either without merit or improperly raised for the first time in their reply brief on appeal.
DUFFY, J.P., CONNOLLY, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court