Aikhoje v City of New York (2025 NY Slip Op 00644)

Aikhoje v City of New York

2025 NY Slip Op 00644

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-05676
 (Index No. 716174/20)

[*1]Gracelyn Oghuansuan Aikhoje, et al., respondents,
v
City of New York, et al., appellants, et al., defendant.

Morris Duffy Alonso Faley & Pitcoff, LLP, New York, NY (Robert S. Whitbeck, Iryna S. Krauchanka, and Kevin G. Faley of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants City of New York, MTA Bus Company, and Nathaniel Cook appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered April 11, 2022. The order, insofar as appealed from, denied that branch of the defendants' motion which was for leave to renew those branches of their prior motion which were pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant City of New York and to dismiss the second, third, fifth, sixth, seventh, eighth, and ninth causes of action insofar as asserted against the defendant MTA Bus Company, which had been, in effect, denied in an order of the same court dated August 10, 2021, except to the extent of directing the plaintiff Beauty Aikhoje to appear for a statutory hearing within 60 days of service of the order.
ORDERED that the order entered April 11, 2022, is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the defendants' motion which was for leave to renew that branch of their prior motion which was pursuant to CPLR 3211(a) to dismiss the seventh, eighth, and ninth causes of action insofar as asserted against the defendants City of New York and MTA Bus Company, and substituting therefor a provision granting that branch of the motion and, upon renewal, vacating the determination in the order dated August 10, 2021, in effect, denying that branch of the defendants' prior motion which was pursuant to CPLR 3211(a) to dismiss the seventh, eighth, and ninth causes of action insofar as asserted against the defendants City of New York and MTA Bus Company except to the extent of directing the plaintiff Beauty Aikhoje to appear for a statutory hearing within 60 days of service of the order, and thereupon granting that branch of the defendants' prior motion; as so modified, the order entered April 11, 2022, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs, Gracelyn Oghuansuan Aikhoje, Edna Dada Ejemai, and Beauty Aikhoje, commenced this action against the defendants, City of New York, MTA Bus Company, Nathaniel Cook, and NYC Transit Authority, to recover damages for personal injuries the plaintiffs alleged they sustained in October 2019 when a New York City bus collided with their vehicle. Each of the nine causes of action in the complaint was interposed on behalf of an individual plaintiff; the seventh, eighth, and ninth causes of action were interposed on behalf of Beauty Aikhoje. Gracelyn Oghuansuan Aikhoje and Ejemai appeared for hearings pursuant to General Municipal Law § 50-h and Public Authorities Law § 1276. Beauty Aikhoje failed to appear for a statutory hearing prior to [*2]the commencement of the action.
The defendants thereafter moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the City and the second, third, fifth, sixth, seventh, eighth, and ninth causes of action insofar as asserted against MTA Bus Company. In an order dated August 10, 2021, the Supreme Court, among other things, in effect, denied those branches of the motion except to the extent of directing Beauty Aikhoje to appear for a statutory hearing within 60 days of service of the order. The order provided that if Beauty Aikhoje failed to comply with that directive, the seventh, eighth, and ninth causes of action (i.e., the causes of action interposed on behalf of Beauty Aikhoje) would be dismissed insofar as asserted against the City and MTA Bus Company "[a]bsent extraordinary circumstances which shall be fully documented."
Although Beauty Aikhoje thereafter appeared for a statutory hearing, she did not testify. The defendants thereafter moved, inter alia, for leave to renew those branches of their prior motion which were pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the City and to dismiss the second, third, fifth, sixth, seventh, eighth, and ninth causes of action insofar as asserted against MTA Bus Company. Among other grounds asserted in support of the motion, the defendants raised the failure of Beauty Aikhoje to testify. In an order entered April 11, 2022, the Supreme Court, among other things, denied that branch of the motion. The City, MTA Bus Company, and Cook appeal.
"A motion for leave to renew 'shall be based upon new facts not offered on the prior motion that would change the prior determination' and 'shall contain reasonable justification for the failure to present such facts on the prior motion'" (Fulcher v Empire State Grand Council Ancient & Accepted Scottish Rite Masons, Inc., 222 AD3d 721, 723 [citation omitted], quoting CPLR 2221[e][2], [3]). "Compliance with a demand for a General Municipal Law § 50-h examination is a condition precedent to the commencement of an action against a municipal defendant, and the failure to so comply warrants dismissal of the action" (A.R. v Urrutia, 212 AD3d 670, 671 [internal quotation marks omitted]; see Boone v City of New York, 92 AD3d 709, 710).
Here, the Supreme Court should have granted that branch of the defendants' motion which was for leave to renew that branch of their prior motion which was to dismiss the seventh, eighth, and ninth causes of action insofar as asserted against the City and MTA Bus Company. Those causes of action were interposed on behalf of Beauty Aikhoje, and the defendants presented new evidence demonstrating that Beauty Aikhoje was unable to testify and demonstrated that this new evidence would have changed the prior determination (see CPLR 2221[e][2]; Fulcher v Empire State Grand Council Ancient & Accepted Scottish Rite Masons, Inc., 222 AD3d 721). Since Beauty Aikhoje did not testify at the statutory hearing, she failed to comply with the defendants' demand pursuant to General Municipal Law § 50-h and Public Authorities Law § 1276(4), warranting dismissal of her causes of action against the City and MTA Bus Company (see A.R. v Urrutia, 212 AD3d at 671; Palmieri v Town of Babylon, 139 AD3d 925, 926). Although "the failure to submit to such an examination may be excused in exceptional circumstances, such as extreme physical or psychological incapacity" (C.B. v Park Ave. Pub. Sch., 172 AD3d 980, 981 [internal quotation marks omitted]), Beauty Aikhoje did not argue that such exceptional circumstances applied.
The Supreme Court, however, providently exercised its discretion in denying that branch of the defendants' motion which was for leave to renew those branches of their prior motion which were to dismiss the remaining causes of action insofar as asserted against the City and the second, third, fifth, and sixth causes of action insofar as asserted against MTA Bus Company. The defendants failed to offer any new facts or evidence that would have changed the prior determination with respect to those branches of their prior motion (see CPLR 2221[e][2]; Gagnon v Campbell, 86 AD3d 623, 624).
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for leave to renew that branch of their prior motion which was pursuant to CPLR 3211(a) to dismiss the seventh, eighth, and ninth causes of action insofar as asserted against the City and MTA Bus Company, and, upon renewal, vacated the determination in the August 10, 2021 order, [*3]in effect, denying that branch of the defendants' prior motion except to the extent of directing Beauty Aikhoje to appear for a statutory hearing within 60 days of service of the order, and, thereupon, granted that branch of the defendants' prior motion.
The defendants' remaining contentions need not be reached in light of our determination.
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court