■ IRVING FLOWERS, Respondent-Appellant, v GREGORY FALK et al., Defendants, and NEW YORK CITY HOUSING AUTHORITY, Appellant-Respondent. [599 NYS2d 929] —Order of the Supreme Court, Bronx County (Barry Salman, J.), entered on or about December 3, 1991, which granted the motion by defendant New York City Housing Authority to dismiss the complaint to the extent of directing plaintiff to appear for an oral examination and to make himself available for a physical examination no later than sixty (60) days after service of a copy of its order with notice of entry, is unanimously modified on the law, the facts and in the exercise of discretion to the extent of granting plaintiff sixty (60) days from the date of this order to appear for oral and physical examinations, without costs or disbursements.

The service by defendant New York City Housing Authority of a notice of oral, physical and psychological examinations by ordinary mail was not in accordance with General Municipal Law § 50-h (2), which requires that the demand be personally served or by registered or certified mail upon the claimant. Therefore, the service was not valid. Although service may be made personally or by mail upon the claimant's attorney, the record does not support defendant's contention that it was

misled into believing that plaintiff was a lawyer by his notice of claim. Indeed, the face of the notice of claim, on which plaintiff had identified himself as "Attorney Pro Se" could not reasonably have caused defendant to conclude that he was then represented by counsel nor could the other circumstances surrounding the claim. While plaintiff now has an attorney in connection with this matter, that was not the situation when defendant sent out its notice of examinations. Concur—Murphy, P. J., Milonas, Kupferman, Ross and Nardelli, JJ.