■ MICHAEL P. DONOHUE et al., Appellants, v COUNTY OF ERIE et al., Respondents. [641 NYS2d 772] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed the complaint because Michael B. Donohue (plaintiff) failed to comply with General Municipal Law § 50-h. That section permits the commencement of an action if the plaintiff is not examined within 90 days of service of a demand for oral examination. The action may not be commenced, however, if the plaintiff fails to appear at the examination or requests an adjournment or postponement beyond the 90-day period (General Municipal Law § 50-h [5]).

Plaintiff failed to comply with defendant County's demand

for examination. After agreeing to appear for examination on a date certain, plaintiff adjourned that examination and failed to respond to defendant County's request that he supply dates when he would be available for examination. Under the circumstances, plaintiff had the burden of rescheduling the examination (*see, Bailey v New York City Health & Hosps. Corp.*, 191 AD2d 606, *lv denied* 83 NY2d 759) and, because he failed to do so within the statutory period, the court properly dismissed this action (*see, Kowalski v County of Erie*, 170 AD2d 950, *lv denied* 78 NY2d 851).

Plaintiff's reliance upon *Ambroziak v County of Erie* (177 AD2d 974) is misplaced. There, all of the adjournments were at the request of the defendants and there was no evidence that the plaintiff failed to appear at a scheduled hearing. (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Dismiss Complaint.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.