■ DAVID A. BYTHEWOOD, Appellant, v HEMPSTEAD PUBLIC SCHOOLS, Respondent. [849 NYS2d 581]—

In an action to recover fees for legal services rendered, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), dated April 4, 2006, as, upon the defendant's motion pursuant to CPLR 3211 to dismiss the complaint, inter alia, for failure to appear for an examination pursuant to General Municipal Law § 50-h, directed him to appear for such an examination, and denied that branch of his cross motion which was for summary judgment on the complaint.

Ordered that the order dated April 4, 2006 is modified, on the law and the facts, by deleting therefrom the words "[w]ithin 30 days after service of this order, the plaintiff shall appear for an examination pursuant to General Municipal Law § 50-h; within 20 days after the 50-h examination the plaintiff shall serve an amended complaint" and substituting therefor the words "[t]he plaintiff is granted leave to serve an amended complaint"; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff; and it is further,

Ordered that the plaintiff's time to serve an amended complaint is extended until 30 days after service upon him of a copy of this decision and order; and it is further,

Ordered that on the Court's own motion, the order of the Supreme Court, Nassau County, dated October 4, 2006, granting the defendant's motion to dismiss the complaint for failure to appear for an examination pursuant to General Municipal Law § 50-h is vacated.

General Municipal Law § 50-h (2) provides, in pertinent part, that a demand for an examination pursuant to subdivision (1) of that section "shall be in writing and shall be served personally or by registered or certified mail upon the claimant unless the claimant is represented by an attorney, when it shall be served personally or by mail upon his attorney." Here, it is undisputed that the plaintiff appeared pro se, although he is himself an attorney, and was therefore not represented by an attorney. Accordingly, the Supreme Court erroneously concluded that service upon him of a demand for an examination by regular mail satisfied the service requirements of General Municipal Law § 50-h (2) (cf. Flowers v Falk, 195 AD2d 294 [1993]). Moreover, since the demand was not timely served in accordance

with the statute it was not effective against the plaintiff "for any purpose" (General Municipal Law § 50-h [2]). Accordingly, the defendant is not entitled to an examination of the plaintiff pursuant to General Municipal Law § 50-h. We note that this does not preclude the defendant from examining the plaintiff during the normal course of discovery, as the right to conduct an examination pursuant to General Municipal Law § 50-h is "separate and distinct from any rights to discovery under the CPLR" (*Kelly v New York City Hous. Auth.*, 248 AD2d 594, 595 [1998], quoting *Alouette Fashions v Consolidated Edison Co. of N.Y.*, 119 AD2d 481, 485 [1986], *affd* 69 NY2d 787 [1987]).

The parties' remaining contentions either have been rendered academic by our determination or are without merit.

Since the defendant was not entitled to an examination of the plaintiff pursuant to General Municipal Law § 50-h, the subsequent order of the Supreme Court, Nassau County, dated October 4, 2006, which dismissed the plaintiff's complaint for failure to appear for such an examination, must be vacated. Schmidt, J.P., Skelos, Covello and Balkin, JJ., concur.