■ CORRINE BEDNOSKI et al., Respondents, v COUNTY OF SUFFOLK, Appellant. [886 NYS2d 912]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated February 25, 2009, which denied its motion to dismiss the complaint for failure to comply with General Municipal Law § 50-h.

Ordered that the order is affirmed, with costs.

The defendant's motion to dismiss the complaint was based on the plaintiffs' failure to comply with a demand for an examination upon oral questions purportedly served upon the plaintiffs' attorney (*see* General Municipal Law § 50-h [1]; *Matter of Pelekanos v City of New York,* 264 AD2d 446 [1999]). In support of the motion, the defendant submitted an affidavit of service by mail, which did not contain the name or address of the person to whom the demand was mailed. In opposition to the motion, the plaintiffs' attorney alleged, inter alia, that he never received the demand.

When a claimant is represented by an attorney, a demand for an examination upon oral questions shall be served personally or by mail upon his or her attorney (*see* General Municipal Law § 50-h [2]). The defendant's affidavit of service was insufficient to establish, prima facie, that the plaintiffs were validly served

pursuant to General Municipal Law § 50-h (2) (*see New York & Presbyt. Hosp. v Allstate Ins. Co.,* 29 AD3d 547 [2006]; *Hesselbarth v Paredes,* 110 AD2d 818 [1985]). Furthermore, the affidavit of the torts claims assistant employed by the Suffolk County Attorney's Office, which was submitted as proof of her standard practice and procedure in mailing a demand for examination, was improperly submitted for the first time in the defendant's reply papers (*see Haggerty v Quast,* 48 AD3d 629, 631 [2008]; *Jefferson v Netusil,* 44 AD3d 621, 622 [2007]; *Levine v Forgotson's Cent. Auto & Elec., Inc.,* 41 AD3d 552, 553 [2007]). Since there was no adequate proof that the defendant served a demand for such examination within 90 days of the plaintiffs' filing of a notice of claim, the plaintiffs' failure to appear for an examination did not warrant dismissal of the complaint (*see* General Municipal Law § 50-h [5]; *Bythewood v Hempstead Pub. Schools,* 46 AD3d 731, 733 [2007]). Accordingly, the defendant's motion to dismiss the complaint was properly denied. Mastro, J.P., Dillon, Dickerson, Belen and Lott, JJ., concur.