# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**542**

**CA 10-02389**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GORSKI, AND MARTOCHE, JJ.

---

DEBORAH I. GRAVIUS, PLAINTIFF-APPELLANT,

                V                              MEMORANDUM AND ORDER

COUNTY OF ERIE, DEFENDANT-RESPONDENT.

---

SABATINO C. SANTARPIA, BUFFALO, FOR PLAINTIFF-APPELLANT.

MARTIN POLOWY, ACTING COUNTY ATTORNEY, BUFFALO (BRIAN R. LIEBENOW OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Shirley Troutman, J.), entered February 9, 2010. The order granted the motion of defendant to dismiss the complaint and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: Supreme Court properly granted defendant's motion to dismiss the complaint based on the failure of plaintiff to comply with defendant's demand for an oral examination pursuant to General Municipal Law § 50-h. "It is well settled that a plaintiff who has not complied with General Municipal Law § 50-h (1) is precluded from maintaining an action against a municipality" (*McDaniel v City of Buffalo*, 291 AD2d 826) and, here, plaintiff failed to comply with defendant's demand pursuant to the statute.

On October 10, 2008, defendant served a demand for an oral examination to be conducted on November 19, 2008. Plaintiff's counsel indicated by letter dated October 14, 2008 that plaintiff was a resident of Florida and that he was uncertain whether she would be able to attend the examination on that date. Plaintiff's counsel also inquired whether the examination could be conducted by telephone. Defense counsel responded by letter dated October 20, 2008 that defendant would not conduct the examination by telephone and inquired whether plaintiff could attend the November 19, 2008 examination so that he could reschedule if necessary. Plaintiff's counsel responded in a letter dated November 14, 2008 and stated for the first time that plaintiff was incarcerated in Florida and unable to attend the examination. Several months later, on February 17, 2009, defendant requested an update on plaintiff's status and inquired whether the examination could be conducted by video conference if she was still incarcerated. Plaintiff failed to respond, but she filed the summons and complaint in this action on September 14, 2009, and defendant

moved to dismiss the complaint on or about October 5, 2009 for failure to comply with defendant's demand for an oral examination pursuant to General Municipal Law § 50-h.

"Under the circumstances, plaintiff had the burden of rescheduling the examination . . . and, because [she] failed to do so [prior to commencing this action], the court properly dismissed [it]" (*Donohue v County of Erie*, 226 AD2d 1083, 1084).  "Although compliance with General Municipal Law § 50-h (1) may be excused in 'exceptional circumstances' " (*McDaniel*, 291 AD2d 826), we conclude that there were no such circumstances here.

We disagree with the dissent that exceptional circumstances were present based on the fact that the facility at which plaintiff was incarcerated in Florida did not have a video conferencing system and that her attorney attempted to reschedule the examination a short time after she was released.  As noted earlier, plaintiff failed to respond to defendant's inquiry whether the examination could be conducted by video conference at the Florida facility.  It was not until plaintiff responded to defendant's motion to dismiss that she averred for the first time that the facility in Florida was unable to conduct video conferencing.  Defendant's counsel noted during oral argument on the motion that, had he been notified of the inability to conduct video conferencing in response to his inquiry, "there were other options that could have been implemented."  In addition, it was not until after plaintiff commenced the action and defendant filed its motion to dismiss the complaint that plaintiff's counsel sent counsel for defendant a letter dated October 23, 2009 explaining that plaintiff had returned to New York and inquiring whether defendant wanted to reschedule the examination.  Indeed, plaintiff indicated in opposition to the motion that she had been released from the Florida facility at the end of August 2009, which was prior to the filing of the summons and complaint, but she provided no explanation for why she did not attempt to reschedule the examination before she commenced the action.

All concur except FAHEY and GORSKI, JJ., who dissent and vote to reverse in accordance with the following Memorandum:  We respectfully dissent and would reverse the order granting defendant's motion to dismiss the complaint and reinstate the complaint.  "It is well settled that a plaintiff who has not complied with General Municipal Law § 50-h (1) is precluded from maintaining an action against a municipality" (*McDaniel v City of Buffalo*, 291 AD2d 826).  However, "compliance with [that statute] may be excused in 'exceptional circumstances' " (*id.*) and, in our view, such exceptional circumstances are present in this case.

Here, plaintiff was prevented from attending an examination pursuant to General Municipal Law § 50-h based on her incarceration in Florida, and that examination could not have been conducted by video conference because the facility at which plaintiff was incarcerated did not have a video conference system.  Even if plaintiff's attorney had provided a more expeditious response to defendant's inquiry whether that hearing could have been conducted by video conference while plaintiff was incarcerated in Florida, there is no indication in

the record concerning what, if any, "other options . . . could have been implemented" to conduct the hearing originally noticed for November 19, 2008 during plaintiff's incarceration (*cf. Donohue v County of Erie*, 226 AD2d 1083). Moreover, the record establishes that plaintiff was released from incarceration in Florida approximately three weeks before the expiration of the statute of limitations (*see* § 50-i [1]), and that she returned to New York, verified the complaint commencing this action and attempted to reschedule the examination before the statute of limitations period expired.

Entered:  June 10, 2011                          Patricia L. Morgan
                                                 Clerk of the Court