Kluczynski v Zwack (2019 NY Slip Op 02236)





Kluczynski v Zwack


2019 NY Slip Op 02236


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


370 CA 18-01770

[*1]DALE KLUCZYNSKI AND LYNDA KLUCZYNSKI, PLAINTIFFS-RESPONDENTS,
v
ADAM ZWACK AND MICHAEL RUSSELL, DEFENDANTS-APPELLANTS. 






BURDEN, HAFNER & HANSEN, LLC, BUFFALO (JACLYN S. WANEMAKER OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
HOGANWILLIG, PLLC, AMHERST (SCOTT MICHAEL DUQUIN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered March 23, 2018. The order denied the motion of defendants to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.
Memorandum: Defendants, who are employees of the Village of Blasdell, appeal from an order denying their motion to dismiss the complaint on the ground that, inter alia, plaintiffs failed to comply with defendants' demand for an oral examination pursuant to General Municipal Law § 50-h (1). We agree with defendants that Supreme Court erred in denying the motion. "It is well settled that a plaintiff who has not complied with General Municipal Law § 50-h (1) is precluded from maintaining an action against a municipality" (McDaniel v City of Buffalo, 291 AD2d 826, 826 [4th Dept 2002]; see Gravius v County of Erie, 85 AD3d 1545, 1545 [4th Dept 2011], appeal dismissed 17 NY3d 896 [2011]). Here, plaintiffs failed to appear at the scheduled examination due to an apparent disagreement with their attorney. Under the circumstances, plaintiffs had the burden of rescheduling the examination and, because they failed to do so, they were barred by statute from commencing an action (see § 50-h [5]; cf. Gravius, 85 AD3d at 1545-1546). "Although compliance with General Municipal Law
§ 50-h (1) may be excused in exceptional circumstances' " (McDaniel, 291 AD2d at 826; see Gravius, 85 AD3d at 1546), there were no such circumstances here. Therefore, the complaint against defendants, who were acting within the scope of their duties as municipal employees, must be dismissed (see McDaniel, 291 AD2d at 826; see generally
§ 50-e [1] [a]).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court