Acevedo v Hope Gardens I, LLC (2023 NY Slip Op 01073)

Acevedo v Hope Gardens I, LLC

2023 NY Slip Op 01073

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2022-00602
 (Index No. 502484/21)

[*1]Rafael Acevedo, appellant, 
v
Hope Gardens I, LLC, et al., defendants, New York City Housing Authority, respondent.

Ami Morgenstern Attorney at Law, PLLC, Long Island City, NY (Marc Andrew Williams of counsel), for appellant.
Segal McCambridge Singer & Mahoney, New York, NY (Jeffrey M. Marchese of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated January 20, 2022. The order granted that branch of the motion of the defendants NYCHA Hope Gardens I Housing Development Fund Corporation and New York City Housing Authority which was to dismiss the complaint insofar as asserted against the defendant New York City Housing Authority for failure to comply with General Municipal Law § 50-h.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendants NYCHA Hope Gardens I Housing Development Fund Corporation and New York City Housing Authority which was to dismiss the complaint insofar as asserted against the defendant New York City Housing Authority for failure to comply with General Municipal Law § 50-h is denied.
On December 31, 2019, the plaintiff allegedly sustained injuries when he fell from the middle of a staircase to the floor below in an apartment building located in Brooklyn which is owned by the defendant New York City Housing Authority (hereinafter NYCHA). The plaintiff alleged that the handrail on the right side of the stairway was missing. The plaintiff served a notice of claim that was received by NYCHA on February 21, 2020. On February 1, 2021, the plaintiff commenced this action against the defendant NYCHA Hope Gardens I Housing Development Fund Corporation and NYCHA (hereinafter together the defendants), among others. The defendants moved, inter alia, to dismiss the complaint insofar as asserted against NYCHA for failure to comply with General Municipal Law § 50-h. The defendants argued that the plaintiff failed to comply with General Municipal Law § 50-h in that he failed to attend a hearing in accordance with that statute, which is a condition precedent to commencing an action against a municipality. In an order dated January 20, 2022, the Supreme Court granted that branch of the defendants' motion. The plaintiff appeals.
Generally, a plaintiff who has failed to comply with a demand for a hearing served pursuant to General Municipal Law § 50-h (hereinafter 50-h hearing) is precluded from commencing an action against a municipality (see id. § 50-h[5]). Here, the defendants failed to establish that the plaintiff did not appear for a 50-h hearing and that NYCHA was entitled to such a hearing (see generally Bednoski v County of Suffolk, 67 AD3d 616, 617; Bythewood v Hempstead Pub. Schools, [*2]46 AD3d 731, 732-733). Although, on March 9, 2020, NYCHA served a demand for the plaintiff to appear at a 50-h hearing to be conducted on May 11, 2020, NYCHA subsequently, unilaterally, adjourned the hearing without a new date for a hearing by follow-up letter dated May 15, 2020 (hereinafter the follow-up letter). However, the plaintiff denied receipt of the follow-up letter and the defendants failed to establish that NYCHA properly served the follow-up letter, as a purported affidavit of service of said letter was improperly submitted for the first time in reply (see Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 612). Moreover, even had the affidavit of service of the follow-up letter been submitted with the defendants' moving papers, the mere assertion therein that the letter was mailed, unsupported by someone with personal knowledge of the mailing of the letter or proof of standard office practice to ensure that it was properly mailed, was insufficient to give rise to the presumption of receipt that attaches to letters duly mailed (see Sanders v 210 N. 12th Street, LLC, 171 AD3d 966, 969; Lindsay v Pasternak Tilker Ziegler Walsh Stanton & Romano LLP, 129 AD3d 790, 793). Inasmuch as there was no adequate proof that NYCHA served the follow-up letter adjourning the 50-h hearing, NYCHA failed to establish entitlement to such a hearing and that the plaintiff was precluded from commencing this action against NYCHA (see generally Bednoski v County of Suffolk, 67 AD3d at 617; Bythewood v Hempstead Pub. Schools, 46 AD3d at 732-733).
Accordingly, the Supreme Court should not have granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against NYCHA for failure to comply with General Municipal Law § 50-h.
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., RIVERA, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court