Fang v Town of Amherst (2023 NY Slip Op 03085)

Fang v Town of Amherst

2023 NY Slip Op 03085

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, BANNISTER, AND OGDEN, JJ.

14 CA 22-01408

[*1]LEE FANG, PLAINTIFF-APPELLANT,
v
TOWN OF AMHERST AND AMHERST HIGHWAY DEPARTMENT, DEFENDANTS-RESPONDENTS. 

LEE FANG, PLAINTIFF-APPELLANT PRO SE. 
CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (MICHAEL J. CHMIEL OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered February 14, 2022. The order, among other things, granted defendants' cross-motion for summary judgment dismissing the amended complaint. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: In this negligence action, plaintiff appeals from an order that denied his pro se motion for leave to amend the amended complaint, granted defendants' cross-motion for summary judgment dismissing the amended complaint without prejudice on the ground that plaintiff failed to comply with defendants' demand for an oral examination pursuant to General Municipal Law § 50-h (1), and denied plaintiff's cross-motion for summary judgment on the amended complaint. We affirm.
"Wherever a notice of claim is filed against a . . . town, . . . the . . . town . . . shall have the right to demand an examination of the claimant relative to the occurrence and extent of the injuries or damages for which claim is made, which examination shall be upon oral questions unless the parties otherwise stipulate" (General Municipal Law § 50-h [1]). The demand for such an examination "shall be in writing and shall be served personally or by registered or certified mail upon the claimant unless the claimant is represented by an attorney, when it shall be served personally or by mail upon his attorney" (§ 50-h [2]). "It is well settled that a plaintiff who has not complied with . . . [section] 50-h (1) is precluded from maintaining an action against a municipality" (McDaniel v City of Buffalo, 291 AD2d 826, 826 [4th Dept 2002]; see § 50-h [5]; Kluczynski v Zwack, 170 AD3d 1656, 1656-1657 [4th Dept 2019]).
Contrary to plaintiff's contention, Supreme Court properly granted defendants' cross-motion inasmuch as defendants met their initial burden of establishing that defendant Town of Amherst (Town) timely served plaintiff with a demand for examination by certified mail as required under General Municipal Law § 50-h (2) (cf. Bednoski v County of Suffolk, 67 AD3d 616, 616-617 [2d Dept 2009]). Further, plaintiff does not dispute that he timely received actual notice of the Town's demand for an examination or that the requested examination was adjourned several times at plaintiff's request. In his last correspondence with the Town prior to filing suit, plaintiff did not request another adjournment, but instead refused to participate in any hearing, arguing incorrectly that the Town had waived its right to such because it failed to timely serve the notice. Additionally, "[a]lthough compliance with General Municipal Law § 50-h (1) may be excused in 'exceptional circumstances' " (McDaniel, 291 AD2d at 826), here the court granted the cross-motion for summary judgment dismissing the amended complaint without prejudice and only after securing from defendants' counsel concessions that plaintiff's refiling would not be precluded by the statute of limitations and that accommodations would be offered to hold the hearing in a manner that addressed plaintiff's pandemic-related concerns. We note that defendant Amherst Highway Department has no separate legal existence from the Town (see [*2]Primeau v Town of Amherst, 303 AD2d 1035, 1037 [4th Dept 2003]). We therefore conclude that there is no basis to disturb the court's determination (cf. Twitty v City of New York, 195 AD2d 354, 356 [1st Dept 1993]). In light of our conclusion, plaintiff's remaining contentions are academic.
All concur except Ogden, J., who dissents and votes to modify in accordance with the following memorandum: In my view, plaintiff's evidence submitted in opposition to defendants' cross-motion for summary judgment dismissing the amended complaint raised a question of fact whether exceptional circumstances existed excusing his failure to attend an examination pursuant to General Municipal Law § 50-h (see generally McDaniel v City of Buffalo, 291 AD2d 826, 826 [4th Dept 2002]). While I understand the conclusion the majority reached, I do not agree. It does not appear on this record that plaintiff was trying to avoid the examination itself. According to plaintiff's evidence, he offered alternatives to an in-person examination to defendant Town of Amherst (Town) given his concerns regarding the ongoing COVID-19 pandemic, including an inspection of his property and a stipulation of facts surrounding the claim. Additionally, plaintiff's evidence demonstrated that he was unable to adjourn the section 50-h examination because the Town repeatedly told him no further adjournments would be granted and, although he suggested alternatives to an in-person examination, the Town extended no other option despite the risks arising out of the ongoing pandemic (cf. Gravius v County of Erie, 85 AD3d 1545, 1546 [4th Dept 2011], appeal dismissed 17 NY3d 896 [2011]). Inasmuch as "there was no fraud or deliberate misleading on the part of plaintiff . . . in order to avoid a General Municipal Law § 50-h hearing" (Twitty v City of New York, 195 AD2d 354, 356 [1st Dept 1993]) and there were health risks associated with an in-person appearance during the COVID-19 pandemic, I would conclude that plaintiff's evidence raised a triable issue of fact whether his noncompliance is excusable. I therefore disagree with the majority that his failure to appear for the scheduled examination warranted the grant of defendants' cross-motion for summary judgment dismissing the amended complaint (see generally
§ 50-h [5]; Kane v New York City Hous. Auth., 276 AD2d 671, 671 [1st Dept 2000]), and I would therefore modify the order accordingly.
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court