Lee Fang v Town of Amherst (2025 NY Slip Op 02677)

Lee Fang v Town of Amherst

2025 NY Slip Op 02677

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, NOWAK, AND KEANE, JJ.

157 CA 24-01288

[*1]LEE FANG, PLAINTIFF-APPELLANT,
v
TOWN OF AMHERST, DEFENDANT-RESPONDENT. 

LEE FANG, PLAINTIFF-APPELLANT PRO SE. 
SAMUEL A. ALBA, INTERIM TOWN ATTORNEY, WILLIAMSVILLE, FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered March 19, 2024. The order, inter alia, granted the motion of defendant and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On November 7, 2023, plaintiff commenced this action against defendant Town of Amherst (Town) to recover for property damage allegedly caused by its negligence in repaving a street adjacent to his property in August 2020. The Town moved, as relevant here, to dismiss the complaint, contending, among other things, that the action was barred by the statute of limitations. Plaintiff appeals from an order that, inter alia, granted the motion, and we affirm.
General Municipal Law § 50-i (1) (c) requires commencement of an action against a town for damage to real property "alleged to have been sustained by reason of the negligence or wrongful act of such . . . town" to occur "within one year and [90] days after the happening of the event upon which the claim is based." An action to recover damages for injury to property "accrues 'when the damage [is] apparent' " (Russell v Dunbar, 40 AD3d 952, 953 [2d Dept 2007]; see EPK Props., LLC v Pfohl Bros. Landfill Site Steering Comm., 159 AD3d 1567, 1568 [4th Dept 2018]).
Before the commencement of this action, plaintiff had commenced a prior action seeking the same relief and filed a timely notice of claim but failed to appear for a properly demanded General Municipal Law § 50-h examination because of concerns regarding the ongoing COVID-19 pandemic. As a result, Supreme Court granted the Town's prior cross-motion for summary judgment dismissing the amended complaint without prejudice (Fang v Town of Amherst, 217 AD3d 1318, 1318-1319 [4th Dept 2023]). In the prior appeal, we noted that the court granted the cross-motion "without prejudice and only after securing from [the Town's] counsel concessions that plaintiff's refiling would not be precluded by the statute of limitations and that accommodations would be offered to hold the [section 50-h] hearing in a manner that addressed plaintiff's pandemic-related concerns" (id. at 1319). In other words, plaintiff was not precluded on statute of limitations grounds from subsequently filing a summons and complaint should he appear for a General Municipal Law § 50-h examination, which provided relevant accommodations and had been timely demanded by the Town under General Municipal Law § 50-h (2).
While the prior appeal was pending, the Town sent plaintiff a timely demand for a new, virtual section 50-h examination. However, plaintiff again failed to appear despite the Town's accommodations for plaintiff's pandemic-related concerns. Instead, plaintiff filed a new notice of claim and commenced the current action. Inasmuch as this new action was filed more than one year and 90 days " 'after the happening of the event upon which the claim is based' " [*2](Sharpe v Town of Conesus, 19 AD3d 1029, 1029 [4th Dept 2005]), the Town established that this action is time-barred (see generally Collins v Davirro, 160 AD3d 1343, 1343-1344 [4th Dept 2018]).
Contrary to plaintiff's contention, the continuing wrong doctrine does not apply under these circumstances. Because that doctrine " 'may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct' " (Coe v Village of Waterloo, 229 AD3d 1119, 1121 [4th Dept 2024], lv denied 42 NY3d 912 [2025]; see Matter of Salomon v Town of Wallkill, 174 AD3d 720, 721 [2d Dept 2019]), it does not apply where, as here, plaintiff's allegation of damages is predicated on a single specific act.
We also reject plaintiff's contention that the Town should be equitably estopped from pleading a statute of limitations defense (see Ross v Louise Wise Servs., Inc., 8 NY3d 478, 491 [2007]). A defendant is estopped from pleading a statute of limitations defense if the " 'plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action' " (id.). Here, plaintiff has failed to show that the Town engaged in any fraud, misrepresentations, or deception (see generally Merrill Lynch Credit Corp. v Smith, 87 AD3d 1391, 1393 [4th Dept 2011]; Pecoraro v M & T Bank Corp., 11 AD3d 950, 952 [4th Dept 2004]).
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court